PHILIP OLT, Appellant, v. HENRY LOHNAS et al., Appellees.

APPEAL FROM TAZEWELL.

A verbal agreement, made in October, 1856, by which a party agreed to lease his farm for one year, to commence on the first of March, 1857, and terminate on the same day in 1858, is void, under our statute of frauds and perjuries.

THIS was an action of assumpsit, brought by the plaintiffs below against the defendant below, to recover damages for the refusal of the defendant to allow the plaintiffs to take possession of, and occupy, a farm.

The defendant filed a plea of general issue, and also a plea of the statute of frauds, that the contract sued on was by parol, and was not to be performed within one year from the making thereof.

The following agreement was made by the parties :

That the contract was entered into in the month of October, 1856, by which Olt agreed to let the plaintiffs have and occupy his farm. The occupation was to commence on the first of March, 1857, and continue until the first of March, 1858 ; that plaintiffs offered to occupy the farm, and defendant refused to allow them to do so, and thereupon plaintiffs sued ; that defendant sowed fall wheat on the premises, and occupied the same while so doing. And it was further agreed that said contract was not in writing, but by parol ; and if the Supreme Court should be of opinion that the contract was void by the statute of frauds and perjuries, by reason of not being in writing, the judgment should be reversed, otherwise to be affirmed ; that the case might be decided without reference to the pleadings, and that it might be considered by the court without reference to the pleadings, and it might be decided by the court as though every part of the statute, applicable to the case, had been pleaded.

There was a judgment in the court below for fifty dollars against the appellant.

JAMES ROBERTS, for Appellant.

B. S. PRETTYMAN, for Appellees.

CATON, C. J. This action was brought upon a parol agreement, made in October, 1856, for the lease of a farm for one year from the first of March, 1857, and the only question submitted to this court is, whether this agreement is made void by the statute of frauds. That statute says, that no action shall

Olt *v.* Lohnas et al.

be maintained " upon any agreement that is not to be performed within the space of one year from the making thereof, unless the promise or agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person thereunto by him lawfully authorized." The only question, therefore is, whether an agreement made in October, 1856, and not to be completely performed till a year from the following March, is to be performed within a year from the time of making it. This would not seem to be a question requiring, or even admitting of, much argument. It is argued, that because the person here sought to be charged was to deliver possession of the farm within a year from the time of making the agreement, as to him, at least, it was to be performed within the year. His duties and obligations could not terminate with the delivery of the possession. After that, it would not become, as to him, a dead letter, a thing only that was. It contained a living and continuing obligation, as to him, which could never be fully satisfied or completely performed till the end of the term. It bound him not only to deliver possession, but to permit the tenants to enjoy the premises during the term. The argument, if admitted, would take all contracts out of the statute where any part was to be performed within the year.

It was also urged, that this portion of the statute was not designed to apply to agreements concerning lands, or any interest in them, because there is another member of the section providing for contracts concerning interest in land, and allowing parol leases for lands for a term of one year or less. The language is as broad as it was possible to make it, to embrace every thing which may be the subject of an agreement; and to deny that it embraces interests in lands, is to deny that such interests can be the subject-matter of agreements, which has not yet, at least, been attempted. This agreement is within the letter and the reason of the statute, and so is within its provision. We might refer to numerous English and American decisions, made upon similar statutes, some of which are precisely in point upon just such statutes as ours, and all supporting the construction we now give.

The judgment must be reversed.

*Judgment reversed.*