# JOHN S. WHEELER

## *v.*

# FRANKENTHAL & BRO.

1. STATUTE OF FRAUDS—*parol contract for a lease of lands not void in all cases.* A parol contract, which is required to be in writing by the Statute of Frauds, where the parties treat it as obligatory until executed, is not void; and such a contract may also be available for some purposes in equity, or in an action, in some instances, to recover on a *quantum meruit.*

2. SAME—*contract, when void, can not be used in defense.* A parol contract within the provisions of the Statute of Frauds can not be made the ground of a defense, any more than of an action.

3. SAME—*parol lease not to be performed within a year.* A parol agreement, made in July, for the leasing of land, the term to commence on the first day of August following, and continue for one year thereafter, is within the first section of the Statute of Frauds, and void at law.

4. SAME—*part performance.* Part performance of a verbal contract within the Statute of Frauds has no effect, at law, to take the case out of its provisions. This can only be done in equity.

APPEAL from the Circuit Court of Madison county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

This was an action of forcible detainer, brought by Frankenthal & Bro., against John S. Wheeler, for the recovery of certain mill property.

The proof showed that the plaintiffs leased the property to the defendant for one year, commencing on the first day of

August, 1873, and that on July 1, 1874, the plaintiffs agreed, verbally, to lease the mill for another year, part payment to be made in repairs, and that, under this agreement, the defendant, before August 1, 1874, made repairs to the amount of $250. The court sustained an objection to the proof of the repairs, and their value, under the verbal agreement to lease. The suit was brought August 14, 1874, before a justice of the peace, and taken by appeal to the circuit court, where the plaintiffs recovered.

Messrs. DALE & BURNETT, for the appellant.

Messrs. GILLESPIE & HAPPY, for the appellees.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court :

The first question made on the giving and refusal of instructions by the court below, is: in an action of forcible entry and detainer, when the defendant sets up a contract whereby he claims to have rented the premises from the plaintiff, can the plaintiff be allowed to avail of the objection that the contract is not in writing, and that evidence of it is, therefore, inadmissible under our statute entitled "Frauds and Perjuries?"

It is not, perhaps, entirely accurate to say, as is said in the plaintiffs' first instruction, that a parol contract, where the statute requires the contract shall be in writing, is "void;" for, if the parties themselves treat it as obligatory until it is executed, the objection that it was not in writing can not be urged; and such a contract may, also, be available for some purposes in equity, or in an action, in some instances, to recover on a *quantum meruit;* but the use of the word, "void," in this instruction could do no harm. If the plaintiffs were entitled to avail of the objection that the contract was not in writing, by doing so, the evidence of the contract could not be received as proof of that for which it was offered, and thus,

practically, for the purposes of the trial, the contract was to be treated as void.

The language of the first section of the statute, so far as material for the present, is identical with that of the fourth section of the "act for prevention of frauds and perjuries," adopted by the British Parliament, in the 29th Car. 2d (Roberts on Frauds, 467), the words being, " no action shall be brought," etc.; and we regard the law clearly settled that a contract within the condemnation of this section " can not be made the ground of a defense, any more than of a demand ; that the obligation of the plaintiff to perform it is no more available to the defendant in the former case than the obligation of the defendant to perform it would be to the plaintiff in the latter case." Browne on Frauds, sec. 131 ; *Comes* v. *Lamson*, 16 Conn. 246 ; *Scotten* v. *Brown*, 4 Harr. (Del.) 324 ; *King* v. *Welcome*, 5 Gray, 41 ; *Payson* v. *West*, Walker (Miss.) 515 ; *Sennett* v. *Johnson*, 9 Barr (Pa.) 335 ; *Finch* v. *Finch*, 10 Ohio, 507 ; *Scott* v. *Brush*, 26 Mich. 418.

In our opinion, therefore, the plaintiffs were entitled to the benefit of the objection that the contract relied on by the defendant was within the first section of the statute, and there was no error in the instructions in this respect.

The objection that the court erred in refusing the defendant's instructions, on the ground, *first*, that the contract was for a renewal of the old lease, and was to be performed by the first day of August, 1874, and *second*, that the contract was good under the second section of the statute, which does not require that the contract shall be performed within one year from the making thereof, but simply relates to an interest in lands for a longer term than one year, is untenable.

The defendant himself testifies that the contract under which he claims was for a term commencing August 1, 1874, and ending August 1, 1875, and that the contract therefor was made about the first of July, 1874. We have not been able to discover a particle of evidence justifying an instruction with regard to a different term.

The second ground of objection is completely answered by *Olt* v. *Lohnas et al.* 19 Ill. 576, where it was held that a parol lease for a greater term than one year from the date of the making thereof was within the first section of the statute, notwithstanding the phraseology of the second section. See, also, *Comstock* v. *Ward*, 22 Ill. 248.

The only remaining question is, was evidence of part performance of the contract competent to take the case out of the operation of the statute? Had the defendant filed his bill in equity for specific performance, such evidence would unquestionably have been competent, but whether that offered would have been sufficient for that purpose, it is unnecessary to express an opinion; but this is an action at law, and, says Browne on Frauds, sec. 451, " it is settled, by a long series of authorities, that a part execution of a verbal contract within the Statute of Frauds has no effect *at law* to take the case out of its provisions," and numerous authorities are cited in support of the position. So, too, this court expressly ruled in *Warner* v. *Hale et al.* 65 Ill. 395.

We perceive no substantial error in the record, and the judgment must be affirmed.

*Judgment affirmed.*