E. D. WOLF v. GEO. W. DOZER.

STATUTE, *Construed.* A verbal agreement to lease lands for the term of one year, to commence from a future day, is void, under § 6, chapter 43, p. 505, General Statutes.

*Error from Allen District Court.*

AT the June Term, 1878, of, the district court, *Dozer,* as defendant, had judgment against *Wolf,* as plaintiff, who brings the case here. All necessary facts appear in the opinion.

*G. P. Smith,* and *Cates & Keplinger,* for plaintiff in error. *Murray & Richards,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The facts of this case are substantially as follows: In August, 1877, the defendant in error was in the possession of certain farm lands belonging to the plaintiff in error, under a lease to expire March 1, 1878. Soon after the last-named date, plaintiff brought his action of forcible entry and detainer against the defendant. As his defense, the defendant claimed and offered evidence against objections of plaintiff, that about August 15, 1877, plaintiff made a verbal contract to rent to him the premises another year, beginning March 1, 1878, on the same terms as he then held them. The court instructed the jury that if they found the plaintiff and defendant entered into an agreement for the lease of the premises, in accordance with the terms and conditions and at the times alleged by the defendant, they must return a verdict in his favor. Upon the testimony of the defendant of the verbal agreement to lease of August, 1877, and this instruction, the defendant obtained a verdict and judgment. It is very clear from these facts that the defendant ought not to have succeeded. The court mistook the law in reference to the case. Under the proof, the agreement was invalid. It was directly in conflict with the act for the prevention of

frauds and perjuries. It was a verbal agreement to lease lands for the term of one year, to commence from a future day, and therefore void under the provisions of § 6, ch. 43, Gen. Stat.; *Ege v. Strafford,* 1 Tyrw. 293; 1 Cromp. & J. 389, 391; *Inman v. Stamp,* 1 Stark. 10; Taylor's Land. & Ten., § 30; *Rawlins v. Turner,* 1 Lord Ray. 736; Anon., 12 Wood, 610; *Delano v. Montague,* 4 Cush. 42.

There was no evidence introduced to take the case out of the operation of said section of the statute of frauds, and we need not consider any other subject of inquiry.

The judgment of the court below will be reversed, and the cause remanded for a new trial.

All the Justices concurring.