JOHN BRIAR, Respondent, v. THOMAS J. ROBERTSON, Appellant.

Kansas City Court of Appeals, October 26, 1885.

1.  LEASE FOR ONE YEAR BY PAROL—CONSTRUCTION OF SECTION 2513, REVISED STATUTES.—That clause of the statute of frauds of this state (section 2513, Revised Statutes), which reads as follows: "Or upon any agreement not to be performed within one year from the making thereof," includes a verbal lease for one year, made in January, but not to commence until March following; and such a lease is invalid under that statute.

2.  ———— WHEN TIME BEGINS TO RUN.—The year, within which a contract, not in writing, must be performed in order to escape the bar of the statute of frauds, must commence from the date of the contract, and not from the date of entering upon its performance. The doctrine of part performance has no application to this part of the statute. See *Sharp v. Rhiel,* 55 Mo. 97.

APPEAL from Livingston Circuit Court, HON. JAMES M. DAVIS, Judge.

*Reversed.*

Statement of case by the court.
This suit originated before a justice of the peace.

An appeal having been taken to the circuit court, the case was there tried on the following stipulations and agreed statement of facts: "In the trial of this case the following shall be taken as all the facts, and the court shall decide it upon them alone, to-wit:

"That in January, A. D. 1882, defendant agreed to rent to plaintiff a tract of land in Grand River township, in Livingston county, Missouri, for a term of one year, to commence March 1, 1882, and to end March 1, 1883. That said agreement was verbal and not in writing. That no possession was ever given or taken of said tract. That no money or property was ever paid on account of said agreement to rent. That the rental price agreed to be paid was eighty dollars, and plaintiff was to pay twenty dollars on March 1, 1882, and that he did not pay or tender it, or offer to pay it then, or at any other time. That there were thirty-five acres to cultivate, and a small pasture; that Robertson was to build a box house for Briar to occupy as a dwelling house on said tract, by March 1, 1882, and that he did not do it, or make any effort to do so. That in March, 1882, Briar rented another tract as tenant, and moved upon it, and raised a crop. If the verdict and finding of the court shall be for the plaintiff, the damages shall be assessed at fifty dollars. A jury is waived."

The court, for the plaintiff, declared the law to be:

"The court declares the law to be as follows: that if the court finds from the evidence, that although the contract in suit was not in writing, and for the rental of real estate, · yet if the said contract was to be performed within one year from March 1, 1882, the finding will be for the plaintiff in the sum agreed upon by the parties hereto."

The defendant asked, and the court refused to declare the law to be: "That, under the statement of plaintiff, and the agreed statement of facts filed in this cause, the plaintiff cannot recover."

The court rendered judgment in favor of the plaintiff. The defendant has appealed to this court.

C. H. MANSUR, for the appellant.

I. There is but one point in this case : Is a verbal lease for one year valid, or invalid, under the statute of frauds, when made in January, but not to commence until March next following. The court below held that this was not "an agreement not to be performed within one year from the making thereof," but that it was a lease, not "for a longer time than one year," and relied for authority upon recent cases in New York, Indiana, Iowa and Colorado. In New York the statute of frauds was changed by leaving out the words "within one year from the making thereof." *It is not like our statute*, and all the New York cases since the year 1830, and those in Indiana and Iowa that follow the New York decisions, are not in point. The New York statutes, and changes therein made, and their effect, are quite fully reviewed in *Young v. Doke* (5 N. Y. 463). See also Taylor on Landlord and Tenant (6 Ed.) section 30 ; Browne on Statute of Frauds, sects. 272, 291.

II. The compilers of the Revised Statutes in a foot note to this section (2513), say : "The one year under this section, dates from the *making of the contract,* which must be fully performed within the year." Citing *Sharp v. Rhiel*, 55 Mo. 97 ; *Self v. Cordell*, 45 Mo. 345 ; *Atwood v. Fox*, 30 Mo. 499 ; *Binion v. Browning*, 26 Mo. 270 ; *Foster v. McO' Bleries*, 18 Mo. 88 ; *Blanton v. Knox*, 3 Mo. 342. But none of these cases arose upon a lease, or relate to an interest in land.

III. In *Willi v. Dryden* (52 Mo. at p. 322), it is *held*, "that even if there is no point of law saved for the supreme court to pass upon, still, while the court will not judge of the weight of testimony, yet when the evidence consists of written instruments, we will look into them, to see whether they were interpreted and construed according to their legal effect." In the present case there is no contest about the evidence ; it is all agreed upon by stipulation in writing. It is, therefore, for the court to construe it, and to do so correctly, regardless of the instructions given or refused.

No brief on file for respondent.

HALL, J.—This case involves the construction of section 2513, Revised Statutes of 1879, which, so far as relates to this case, is as follows: "No action shall be brought to charge * * * any person upon any contract for the sale of lands, tenements, or hereditaments, or an interest in or concerning them, or any lease thereof, for a longer time than one year; or upon any agreement that is not to be performed within one year from the making thereof; unless the agreement * * * shall be in writing."

The single question in the case is, is a verbal lease for one year valid, or invalid, under this section, when made in January, but not to commence until March 1, following? In other words, does such a lease come within, or is it excluded from that clause of the section, " or upon any agreement that is not to be performed within one year from the making thereof?"

Upon this question, Taylor, in his work on Landlord and Tenant (6 Ed.) section 30, says: "By the English statute of frauds, also, every agreement, not in writing, and signed by the party to be charged therewith, or his authorized agent, is void, that, by its terms, is not to be performed within one year from the making thereof. A verbal agreement to lease lands for such time, must, therefore, by the English authorities, commence from the making of the agreement, and cannot be made to commence at a future day. But the Revised Statutes of New York have omitted the expression, 'within one year from the making thereof,' which was held to prohibit the creation of an estate for a year, commencing in future, and the court of appeals in that state now hold, that a parol lease of lands for the term of one year, to commence at a period subsequent to the day when the contract was made, is valid."

Browne, in his work on the Statute of Frauds, section 272, says:

" In that clause of the statute of frauds which we

have now to consider, we perceive still another restriction placed upon the formation of binding contracts by mere verbal understanding. We have seen, that all verbal promises to answer for the debt, default or miscarriage of another ; all agreements made upon consideration of marriage, and all contracts for an interest in real estate, must be reduced to writing in order that any action may be supported upon them, or advantage taken of them ; and we shall see hereafter that the same is true of certain bargains for goods, wares and merchandise. All these provisions relate to the subject matter of the contract. But that which is at present before us relates to the period of the performance of the contract. It manifestly includes them all to a certain extent ; that is, a contract which anyone would render invalid, on account of the subject matter, may be, so to speak, doubly invalid, if it is to be of longer than a year's duration. But includes, also, all those contracts which are of such a duration, whatever be their subject matter."

Discussing this question, the Supreme Court of Massachusetts, in the case of *Delano v. Montague* (4 Cushing 44), said : " Upon these facts it is very clear that the action cannot be maintained. This was an agreement that was not to be performed within one year from the time it was made ; and by the Revised Statutes, chapter seventy-four, section one, no action can be maintained on any such agreement, unless the same, or some memorandum or note thereof, shall be in writing."

In that case the plaintiff declared on a parol contract, which was proved to have been made on the third of March, 1847. The defendant was then in possession of the premises, under a written lease from the plaintiff, at a rent of $75 a year, which was to terminate on the first day of April, then next following. And it was proved that, on the said third of March, the defendant agreed with the plaintiff, but not in writing, that he would take the premises for another year at the same rent. To the same effect are *Parker's Administrator v.*

*Hollis & Alexander* (50 Alabama 411); and *Wheeler v. Faulkenthal & Bro.* (78 Ill. 124.)

These authorities are in point. By them, and by the language of the statute itself, we are convinced that the lease in this case was invalid; that it comes within that clause of the statute, " or upon any agreement that is not to be performed within one year from the making thereof." The lease being included in that clause of the statute, the time began from the making of the contract, and not from the commencement of the performance. *Sharp v. Rhiel*, 55 Mo. 97.

This case was tried upon an agreed statement of facts. Upon these facts, as we think, the trial court should have found for the defendant. Therefore, the judgment of the circuit court is reversed. All concur.