## CARL PRANTE

### v.

### FREDERICK SCHUTTE.

STATUTE OF FRAUDS.—Although part of the subject-matter of an agreement is personalty, yet where it embraces a sale of land as well, and the agreement must be regarded as entire, this would bring the whole within the Statute of Frauds. Partial execution would not, at law, take it out.

APPEAL from the Circuit Court of Adams county; the Hon. J. H. WILLIAMS, Judge, presiding. Opinion filed December 4, 1885.

Mr. A. E. WHEAT and Mr. C. A. BABCOCK, for appellant.

Messrs. CARTER & GOVERT, for appellee.

PLEASANTS, J. Assumpsit brought by appellee on the common counts for materials and labor in repairing ice house and brewery of appellant; plea, the general issue; verdict for plaintiff for $1,086.50; new trial denied and judgment entered.

It is conceded that appellee did the work and furnished the materials to an amount at least equal to that found by the

Prante v. Schutte.

jury, and the only defense set up is that it was all done under a special contract which has not been fully performed.

The buildings in question were partially destroyed by fire on the night of the 30th of January, 1882. Appellee, who was a carpenter, was employed first to repair the ice house, which he did in a few days at a cost of about $150. Appellant claims that thereupon and on or about the 6th of February it was agreed between them that the brewery should be re-built at their joint and equal expense, and that appellee should pay him $3,300, on the 1st of June next following, or interest thereon at six per cent. per annum from that date until the principal should be paid, and upon payment in full should have a deed entitling him to an undivided half of the lot and premises, including a dwelling house thereon, then occupied by a tenant of the whole, and one half the rents from the date of the agreement; that the work and material sued for were done and furnished in pursuance of that agreement; that appellant provided other work and material to the same end and also put in an engine, some kettles, and perhaps other machinery; that on the 1st day of June he was ready and willing to deliver the deed, and that appellee refused to pay the money, give his note for it or have any interest in the property.

It sufficiently appears from the evidence that they talked of an arrangement to the general effect above stated; that they intended and expected to make it, and that they proceeded with the work accordingly. But it was a fair question for the jury whether they absolutely did make it or only left it, with this intention, to depend on other conditions to be thereafter settled, but which never were settled.

Thus, it was not reduced to writing; the only talk they had about it was unexpected, brief, without previous reflection or consultation by either with any other person, or that consideration at the time which its importance demanded, and there was no such provision for necessary details and inevitable contingencies as rational men, intending to be bound thereby, would almost certainly have made. The whole extent of it as claimed is above set forth, and it is manifestly so incom-

plete as to be hardly susceptible of execution without further agreement upon material points.

Another question was whether there ever had been a meeting of their minds upon the price to be paid. Appellee was positive that $3,000 was the amount, whether payment was made at the day mentioned or the time was extended. Appellant was equally positive that unless paid in cash at the time specified, it was to be $3,300, and accordingly he demanded a note for the larger sum. How was the jury to determine what the agreement really was, or reconcile this difference except by finding the fact of a mutual misunderstanding? There was also some evidence tending to show acquiescence by appellant in an abandonment of the agreement. It was nearly two years after he was notified of the refusal to carry it out that this suit was brought, and although he protested at the time, he never afterward pressed the matter nor took any step to show or equalize the difference between the amounts of their respective contribution to the expense of rebuilding, but collected the entire rent without offering to account for it or any portion thereof to the appellee.

With the finding of the jury upon these questions, or either of them, we should not be disposed to interfere. If for the plaintiff, their verdict would be supported by the evidence; but if otherwise, there is another reason why it should, nevertheless, be sustained. The alleged agreement was such that, until fully executed, the appellee might avoid it at his own sole option, and he did avoid it; although part of its subject-matter was personalty yet it embraced a " sale of land " as well, and since it must be regarded as entire, this feature brought the whole within the Statute of Frauds. Meyers v. Schemp, 67 Ill. 471. Partial execution would not, at law, take it out. Fleming v Carter, 70 Id. 286; Wheeler v. Frankenthal, 78 Ill. 124; Strehl v. D'Evers, 66 Id. 77 ; Meyers v. Schemp, *supra*. Appellee could avail himself of it under the evidence. Beard v. Converse, 84 Ill. 515–6, and cases there cited.

We think the trial below was rather loose and that some errors intervened, but it would serve no useful purpose to indicate them. They were mostly immaterial or obviated, and upon

his admission of the truth of plaintiff's account no verdict more favorable to the defendant could have been properly rendered. There is no particular hardship in his paying for labor and materials, the full benefit of which he has confessedly received.

Judgment affirmed.