ARGUED AND DETERMINED IN

# THE SUPREME COURT

OF

# OREGON.

## OCTOBER TERM, 1888.

WHITE, Appellant, *v.* HOLLAND ET AL., Respond-
ents.*

Lease to Commence in Futuro — Statute of Frauds. — A lease of land for
a year, to commence *in futuro*, is "an agreement not to be performed
within a year," within the meaning of the statute of frauds, and must be
in writing; otherwise it is invalid.

Appeal from a judgment of the Circuit Court for Mult-
nomah County.

On January 20, 1881, the respondents made a parol
lease of certain premises to the appellant for the term of
one year, to commence on March 1st, ensuing. Before
the latter date, however, they disclaimed their agreement
and refused to give possession. The appellant then

* This case was decided in 1884 and omitted from the report of cases. It
is published here by request. — Reporter.

brought this action for damages for breach of the agreement, alleging the foregoing facts in his complaint, and upon a trial by a jury, obtained a verdict for five hundred dollars. The court below set the verdict aside, and afterwards rendered judgment on the pleading for the respondents. Both these rulings were made on the ground that the parol lease was an agreement not to be performed within a year, and therefore invalid under the statute of frauds adopted in this state. This appeal was taken from such order and judgment.

*A. H. Tanner*, for Appellant.

*William Strong & Sons*, for Respondents.

WATSON, C. J.—The principal question presented by this appeal is, whether a parol lease of lands for a year, to commence *in futuro*, is "an agreement not to be performed within a year," within the meaning of our statute of frauds, and therefore invalid. This identical question seems to have been already decided in the affirmative by this court in a previous case. (*Pulse* v. *Hammer*, 8 Or. 251.) The distinction which appellant's counsel has sought to draw between the two cases is manifestly unsound.

The facts stated in the opinion in that case raise the precise question presented here, and the principle announced is equally applicable to both. But if the point could be regarded as still open, we should not hesitate to adopt the views of the court in that case as correct under the provisions of our statute. These provisions must be construed with reference to the context as it appears in the code. The code itself is an original act, and the rule of construing by the context is fully applicable. These provisions are found under the title "Of Indispensable Evidence." They cover all the subjects usually embraced

in the statutes of frauds adopted in other states, and they stand in such order and connection that there is no ground for saying, as in the later decisions in New York and those of Iowa, that the declaration that "an agreement by its terms is not to be performed within a year from the making thereof is void" applies only to personal property and choses in action, and does not affect transfers or leases of realty. If this provision does apply to leases of real property in this state, and we can perceive no reason from the context from excluding them from the operation of such general language, then it will accord with all the authorities to hold the lease involved in this action invalid; for a lease for a year, to commence at a future time, is "an agreement that, by its terms, is not to be performed within a year *from the making thereof.* (*Wolf* v. *Dozer,* 22 Kan. 436; *Atwood* v. *Nortan,* 31 Ga. 507; *Delano* v. *Montague,* 4 Cush. 42.)

We think, therefore, that it must be regarded as settled in this state that a parol lease of real property for a year, to commence *in futuro,* is invalid as being in conflict with such provision.

The judgment of the circuit court is affirmed.