## JAMES I. JELLETT *vs*. W. A. RHODE.

### April 17, 1890.

**Statute of Frauds—Lease for Year from Future Day.**—A parol lease of real estate for the term of one year, to commence *in futuro*, is invalid, being an agreement which by its terms is not to be performed within one year from the making thereof.

Appeal by defendant from a judgment of $78.32, in the municipal court of St. Paul.

*Thompson & Taylor*, for appellant.

*S. C. Olmstead*, for respondent.

DICKINSON, J. July 10, 1889, these parties entered into an oral agreement, the plaintiff leasing to the defendant certain real property for the term of one year from the 1st day of August, at a yearly rental of $780, payable in monthly instalments in advance. The defendant entered into the occupancy of the premises on the 1st day of August, and remained in possession until the 28th of September, when he went out. This action is for the recovery of the stipulated monthly rental for the month of October, payable, according to the terms of the agreement, on the 1st of that month.

By the terms of our statute of frauds, (Gen. St. 1878, c. 41, title 2,) no action is maintainable upon a mere parol agreement that by its terms is not to be performed within one year from the making thereof, (section 6;) no estate or interest in lands, other than leases for a term not exceeding one year, nor any trust, etc., shall be created, unless by act or operation of law, or by deed or conveyance in writing, etc., (section 10;) and every contract for the leasing for a longer pe-

riod than one year, or for the sale of any lands or any interest in lands, shall be void unless the contract, or some note or memorandum thereof, expressing the consideration, is in writing, and subscribed by the party by whom the lease or sale is to be made, or by his authorized agent, (section 12.) The agreement upon which this action is prosecuted is clearly within the language of section 6. By its terms the agreement was not to be performed within one year from its making. There is no reason why that section should not be deemed applicable to such a case as this, unless it is to be considered that the exception in section 10, and the implied exception in section 12, of leases "for a term not exceeding one year," or for a period not longer than one year, are effectual to exclude from the operation of section 6 leases for a term of one year, to commence *in futuro*. The reasons which led to the enactment of that part of section 6, above referred to, are as applicable to parol agreements leasing land, not to be performed within one year, as in respect to any other kind of a contract. The evil result likely to follow from allowing such a contract, the performance of which is to be long postponed, to rest in parol, without any written evidence showing the terms of the agreement, are of the same nature, and just as likely to occur, as in the case of any other contract. If a merely oral lease may be effectually made for a year to commence *in futuro*, it matters not how long the commencement of the term may be postponed. If such a case is not within the provision of section 6, then a lease may be thus made for a term to commence many years subsequent to the agreement. Such a case is so clearly within the plain, explicit language of section 6, and would so obviously involve the very evils to avoid which has been the well-understood purpose of this clause of the statute of frauds, that it should be construed as applicable, unless the other sections of the law very clearly manifest the intention to withdraw or exclude such cases from its operation. Such an intention is not manifest. Full effect may be given to the excepted cases in section 10, and to cases within the implied exception in section 12, consistently with the applicability of section 6 to parol leases for a term not to be completed within one year. "Leases for a term not exceeding one year," or for a period not longer than one year, may be made, if the

term is to commence at once, and such a contract would not come within the terms of the statute as to agreements not to be performed within one year. We see no sufficient reason, either from the terms or arrangement of the statute, for excluding such cases as that before us from the operation of section 6. In this conclusion we are supported by the following authorities: *Olt* v. *Lohnas*, 19 Ill. 576; *Wheeler* v. *Frankenthal*, 78 Ill. 124; *Wolf* v. *Dozer*, 22 Kan. 436; *Briar* v. *Robertson*, 19 Mo. App. 66; *Parker* v. *Hollis*, 50 Ala. 411; *Atwood* v. *Norton*, 31 Ga. 507; *White* v. *Holland*, 17 Or. 3, (3 Pac. Rep. 573.) See, also, *Roberts* v. *Tennell*, 3 T. B. Mon. 247.

The decisions upon the English statute of frauds (29 Car. II. *c. 3*) have but little bearing upon the construction of our statute, for the reason that by that statute parol leases for a term not exceeding three years from the making thereof were authorized, and of course the provision in section 4, as to agreements not to be performed within one year, could not be applicable to such cases. The same is true as to the statute of Indiana, in which state parol leases like that under consideration are held valid. In *Young* v. *Dake*, 5 N. Y. 463, it was held, overruling *Croswell* v. *Crane*, 7 Barb. 191, that such a lease was valid. The decision, however, was placed upon considerations which cannot be regarded under our statute. One of these considerations was the fact that in the revision of the statute the legislature eliminated from the clause of the statute of frauds, excepting leases for a term not exceeding one year, the qualifying words, "from the making thereof," which was regarded as disclosing an intention to allow such a term to commence *in futuro*. Again, it was considered that the statutory provision as to contracts which by their terms were not to be performed within one year was not applicable to contracts relating to leases of, or interests in, real estate, for the reason that the former provision was embraced in title 2 of the statute, entitled "Of fraudulent conveyances and contracts, relative to goods, chattels, and things in action," while the provisions in which parol leases of real estate were authorized are found in title 1, relating to "Fraudulent conveyances and contracts relative to lands." This reason for the decision in *Young* v. *Dake* is not available under our statute since the Revision of 1866, in which all of the provisions under considera-

tion are embraced in one title, denominated "Statute of Frauds." In Michigan and Wisconsin the statutes in this particular have been arranged and entitled as in New York, and in those states *Young* v. *Dake* has been followed, or cited with approval. It has also been followed in some other states, where the reasons upon which that decision was made were wholly inapplicable.

Judgment reversed.