Cochran *v.* Ward.

Filed June 8, 1892.

<hr>

## No. 413.

## COCHRAN *v.* WARD.

STATUTE OF FRAUDS.—*Parol Lease of Lands in Another State.—Action to Enforce in Indiana.*—A parol agreement made in Illinois to lease real estate in that State for the term of a year, to begin at some definite time in the future, falls within the provisions of the Illinois statute of frauds, and a suit to enforce the same can not be maintained in Indiana though the agreement is not repugnant to any provision of the statute of frauds of this State.

SAME.—*Lex Fori.*—The Illinois statute of frauds became part of the agreement in suit, and the provision that no action should be maintained for damages for the breach of the agreement became as much a part of its character and substance as if specially incorporated therein. This doctrine does not conflict with the general rule that in matter of procedure the *lex fori* controls. Procedure, in this connection, applies to the nature of the action, as whether it shall be covenant, assumpsit, debt, etc., to the rules of pleading and evidence, the order and manner of trial and the nature and effect of process, and, perhaps, to all other matters of remedy only which are not incorporated into the contract as affecting its nature and obligatory character.

SAME.—*Occupancy by Lessee of Portion of Premises.—Part Performance.*—The taking possession by a lessee, under a parol lease, of a portion of the premises, and the payment of rent for such portion, do not amount to such part performance as will arrest the operation of the statute of frauds so as to give the lessee a right to the balance of the premises.

EVIDENCE.—*Law of Another State.—How Proved.*—Under section 457, R. S. 1881, the law of another State may be read from the statute book of that State purporting to have been printed by authority.

STATUTE.—*Foreign.—Presumption as to Continuance in force.*—Where a for-

eign statute is proven to have existed it will be presumed to remain in force in the absence of evidence showing its repeal.

From the Sullivan Circuit Court.

*W. A. Cullop, C. B. Kessinger, J. T. Beasley* and *A. B. Williams*, for appellant.

*J. S. Bays* and *S. J. Gee*, for appellee.

CRUMPACKER, J.—This action was commenced by Cochran against Ward to recover damages for the breach of a parol lease for lands in the State of Illinois. The complaint alleges, in substance, that the defendant was the owner and in possession of a tract of four hundred acres of farm land situated in Lawrence county, in the State of Illinois, and on the 20th day of April, 1888, said defendant rented said land to the plaintiff for the term of one year, beginning on the 1st day of July, 1888, and agreed to surrender the possession thereof to the plaintiff on that day; that plaintiff was to yield and pay a specified share of the crop as rental; that plaintiff relied upon said agreement, and failed to procure other land to cultivate until it was too late in the season to obtain any, and stood ready and willing to perform said lease, but the defendant wrongfully refused to surrender the possession of said premises as he had agreed, and refused to permit plaintiff to cultivate said land, but rented a great portion of it to another, whereby plaintiff was thrown out of employment and lost the benefit of said lease to his damage, etc.

An answer of five paragraphs was filed to the complaint, the first of which was a general denial. The fifth alleged that the agreement sued upon was in parol, and that it was made in the State of Illinois, where the defendant lived and the real estate was situate, and that under the Illinois statute of frauds the agreement was not enforceable. A copy of sections one and two of the statute was pleaded with this paragraph. They are as follows:

"Section 1. Be it enacted by the people of the State of

Illinois, represented in the General Assembly, that no action shall be brought whereby to charge any executor or administrator, upon any special promise, to answer any debt or damages out of his own estate, or whereby to charge the defendant upon any special promise to answer for the debt, default or miscarriage of another person, or to charge any person upon any agreement made upon consideration of marriage, or upon any agreement that is not to be performed within the space of one year from the making thereof, unless the promise or agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith, or some other person thereunto by him lawfully authorized."

"Section 2. No action shall be brought to charge any person upon any contract for the sale of lands, tenements or hereditaments or any interest in or concerning them for a longer term than one year, unless such contract or some memorandum or note thereof shall be in writing and signed by the party to be charged therewith, or some other person thereunto by him lawfully authorized in writing signed by such party. This section shall not apply to sales upon execution or by any officer or person pursuant to a decree or order of any court of record in this State."

The issues were closed by reply, and the cause tried by a jury, and resulted in a verdict for the plaintiff. At the request of the defendant the court submitted interrogatories to the jury, which they answered, and the court gave judgment in favor of the defendant upon the interrogatories, notwithstanding the general verdict.

A number of questions relative to the rulings of the court in making the issues were reserved by counsel for appellant, but the issues of fact out of which such questions arose, having been all decided in appellant's favor by the jury, we can not regard such questions as material under section 658, R. S. 1881.

The controlling question in the case relates to the action of the court in awarding appellee judgment upon the special findings.

The jury found, in answer to the interrogatories, that the agreement was by parol, and was completed in the State of Illinois on the 20th day of April, 1888, and purported to lease the real estate described in the complaint for one year from the first day of July, 1888 ; that said real estate was in the State of Illinois, and the agreement was to have been performed in that State. They also found the first section of the Illinois statute, as set out with the answer, to have been in force at the time the agreement was made.

It is admitted by both parties in the argument that under the law in Illinois a parol agreement to lease real estate for the term of a year, to begin at some definite time in the future, comes within the provisions of section 1 of the Illinois statute, and, consequently, is not enforceable. So, tested by the Illinois law, the agreement in suit in the case before us is voidable, and damages could not be recovered for its breach. *Wheeler* v. *Frankenthal*, 78 Ill. 124 ; *Comstock* v. *Ward*, 22 Ill. 248 ; *Olt* v. *Lohnas*, 19 Ill. 576.

The fifth clause of section 1 of our statute of " Frauds and Perjuries " (section 4904, R. S. 1881) provides that no action shall be brought " upon any agreement that is not to be performed within one year from the making thereof," unless in writing, etc. This is substantially the same as the Illinois provision, and is taken from the English statute of 29 Charles II., C. 3. But our statute permits parol leases for a term not exceeding three years, and it is the settled law of this State that the clause above quoted has no reference to contracts relating to real estate. *Railsback* v. *Walke*, 81 Ind. 409 ; *Baynes* v. *Chastain*, 68 Ind. 376 ; *Fall* v. *Hazelrigg*, 45 Ind. 576.

So, it is seen, that the agreement in controversy is not repugnant to any provision of the statute of this State, and must be held good if the laws of this State are applicable.

With considerable force and ingenuity, counsel for appellant contend that the statute of frauds relates entirely to the remedy and procedure, and that the rule is universal that the *lex fori* always controls in such matters. This doctrine was announced by the courts as applicable to personal contracts, in *Leroux* v. *Brown*, 12 C. B. 801, and *Downer* v. *Chesebrough*, 36 Conn. 39.

It seems to be generally admitted that the statute of frauds does not render an agreement absolutely void, but simply withholds the power of enforcement, and prevents the collection of damages for non-performance. The rule in Indiana and Illinois is the same in this respect. *Lowman* v. *Sheets*, 124 Ind. 416 ; *Schierman* v. *Beckett*, 88 Ind. 52 ; *Wills* v. *Ross*, 77 Ind. 1 ; *Morris* v. *Goodwin*, 1 Ind. App. 481 ; *Wheeler* v. *Frankenthal, supra ; Collins* v. *Thayer*, 74 Ill. 138; *Chicago, etc., Co.* v. *Davis, etc., Co.*, 25 N. E. Rep. 669.

A contract made in another State, and which is *void* under the laws of that State, will not be enforced in this State, even though it would have been good if made here. *Keiwert* v. *Meyer*, 62 Ind. 587.

But it is claimed that the rule applied to contracts relating to real estate is different from that applied to personal contracts, and that the former are governed by the *lex loci rei sitæ.* There can be no doubt of the correctness of this rule in so far as it relates to questions of construction, title, covenants real, mode and formality of execution, and all things else which the laws of the *situs* impress upon the nature of the property and the character of the tenure and mode of transmission. But where a conveyance is executed in this State, between citizens of this State, for lands in another State, in so far as it treats of covenants which never attach to the soil, but are essentially personal, the laws of this State control. *Jackson* v. *Green*, 112 Ind. 341 ; *Bethell* v. *Bethell*, 92 Ind. 318; *Fisher* v. *Parry*, 68 Ind. 465 ; *Craig* v. *Donovan*, 63 Ind. 513.

But it is insisted that as to mere matters of procedure,

every forum must apply its own laws and rules, regardless of the character of the action, and, to a certain extent, we think this must be true.

In the case before us, however, under the findings of the jury, the place of the contract and the *situs* are the same, and the judgment of the trial court must be upheld unless we regard the statute of frauds as relating merely to the procedure, and not as affecting the obligatory character of the agreement.

It is impossible to consider a contract separately from the remedy given by the law for its enforcement, because it is this that supplies it with legal vitality. The law is an essential factor in every contract, and is presumed to be considered by the parties in their deliberations. If the law of the place stamps upon an agreement the quality that it shall be voidable, and that its performance shall be a pure matter of conscience or grace with the parties, that quality becomes a part of the substance of the agreement, and characterizes it wherever it may be. A right without a remedy for its enforcement is a mere fiction. Thus it was said by SWAYNE, J., for the court in *Edwards* v. *Kearzey*, 91 U. S. 595: "It is also the settled doctrine of this court that the laws which subsist at the time and place of making a contract enter into and form a part of it as if they were expressly referred to or incorporated in its terms. This rule embraces alike those which affect its validity, construction, discharge and enforcement."

At another place in the opinion the learned judge said: "The obligation of a contract includes everything within its obligatory scope. Among these elements nothing is more important than its means of enforcement. This is the breath of its vital existence. Without it the contract, as such, in the view of the law, ceases to be, and falls into the class of those imperfect obligations, as they are termed, which depend for their fulfillment upon the will and conscience of those upon whom they rest. The ideas of right and remedy

are inseparable. ' Want of right and want of remedy are the same thing.' ''

There can be no doubt, we think, that to the extent that the remedy affects the validity and obligation of a contract it is imported into and becomes an essential part of it, and characterizes it wherever it is the subject-matter of litigation.

The Illinois statute of frauds became part of the agreement in suit, and the provision that no action should be maintained for damages for the breach of the agreement became as much a part of its character and substance as if specifically incorporated therein. The right to defend against a contract growing out of any of its inherent qualities, becomes vested, and a right of property as much as the right to enforce any other beneficial provision. *Pritchard* v. *Norton*, 106 U. S. 124; Cooley Const. Lim., 362 (369).

This doctrine does not conflict with the general rule that in matters of procedure the *lex fori* controls. '' Procedure,'' in this connection, applies to the nature of the action, as whether it shall be covenant, assumpsit, debt, etc., to the rules of pleading and evidence, the order and manner of trial and the nature and effect of process, and perhaps to all other matters of remedy only, which are not incorporated into the contract as affecting its nature and obligatory charter.

The case of *Leroux* v. *Brown, supra,* holding a different doctrine, was questioned in a later English case, and is criticised by a recent English writer. *Gibson* v. *Holland,* 1 C. P. L. R. 1; Maxwell Statutes (2d ed.), p. 180.

The case of *Downer* v. *Chesebrough, supra,* decides only that the *lex fori* should supply the rules of evidence.

In the case of *Low* v. *Andrews,* 1 Story, 38, it was held that a contract for the sale of goods in France, if valid there, would be enforced in this country, though within the statute of frauds here.

In *Scudder* v. *Bank,* 91 U. S. 406, it was held that in an action upon a parol acceptance of a bill of exchange to be

performed in Missouri, the statute of frauds of the place of the contract should control, as it affected the formality necessary to create a legal obligation.

The case of *Kling* v. *Fries*, 33 Mich. 276, was an action in Michigan, upon a contract for the sale of goods in Ohio. It was held that the Ohio statute of frauds applied.

The case of *Houghtaling* v. *Ball*, 19 Mo. 84, was an action in Missouri, upon a contract for the sale of wheat, to be delivered in the State of Illinois. It was decided that the Illinois statute of frauds obtained.

The case of *Anderson* v. *May*, 10 Heisk. 84, was an action in Tennessee, upon a lease for lands in Arkansas. The court decided that the statute of frauds of the latter State should be allowed to control the contract.

*Denny* v. *Williams*, 5 Allen, 1, was an action in Massachusetts, upon a contract for the sale of wool in New York, and the defendant set up the New York statute of frauds. The court held the answer good, saying: "As the contract was made in the city of New York, and was to be performed there, the laws of the State of New York must govern us in respect to its construction and performance."

The Supreme Court of Louisiana, in *Vidal* v. *Thompson*, 5 Mart. 374, said: "An instrument, as to its form and formalities attending its execution, must be tested by the laws of the place where it was made."

In the case of *Pickering* v. *Fisk*, 6 Vt. 102, the court used this language: "As to the requisites of a valid contract, the mode of authentication, the forms and ceremonies required, and, in general, as to everything which is necessary to perfect or consummate the contract, the *lex loci contractus* governs, though with respect to conveyances, or other contracts relating to real estate, the statutory regulations of the place where such estate is situate, must be observed."

The same principle was applied in the following cases: *Hallgarten* v. *Oldham*, 135 Mass. 1; *Dacosta* v. *Davis*, 4 Zab. 319; *Gross* v. *Jordan*, 83 Maine, 380; *Butters* v. *Glass*, 31

Cochran v. Ward.

U. C. Q. B. 379 ; *Van Reimsdyke* v. *Kane,* 1 Gallis. 630 ; *Baltimore, etc., R. R. Co.* v. *Glenn,* 28 Md. 287 ; *Fox* v. *Matthews,* 33 Miss. 433 ; *Young* v. *Pearson,* 1 Cal. 448 ; *Wilcox, etc., Co.* v. *Green,* 72 N. Y. 117.

There is no analogy between cases like the one before us and cases in which the bar of prescription has become complete against a demand. In the latter it is a question of presumptive payment or extinguishment, and such presumption, while evidential, is made conclusive as a measure of public policy, while in the former it is a question whether there ever was a legal liability.

It should be kept in mind in this case that the controversy is between the *lex fori* upon the one hand, and the *lex loci contractus* and the *lex rei sitæ* upon the other, consequently, we have maintained no distinctions between the latter, nor between actions real and personal.

There was no error in awarding appellee judgment upon the special findings.

Nor was there any error in permitting the law to be read from the statute book, purporting to have been printed by authority. This is authorized by section 457, R. S. 1881.

The judgment is affirmed.

Filed Jan. 19, 1892.

### On Petition For a Rehearing.

CRUMPACKER, J.—We are urged, in a very earnest and exhaustive brief in support of a petition for a rehearing, to reconsider the questions decided in the original opinion, but after due consideration of the reasons advanced by counsel, our convictions remain unchanged. There are questions presented by the record, however, which were overlooked in the original opinion, and a rehearing is asked upon this ground also. The first of these questions has reference to the action of the court in sustaining a demurrer to a special paragraph of reply, which alleged in substance, that appellant went

VOL. 5.—7

into possession of nearly half the land in question, raised a crop thereon and delivered to the appellee his share of such crop as rental, but appellee refused to surrender possession of the balance of the land, and for this refusal damages are claimed. It is insisted that this paragraph of reply showed such a part performance of the contract as to take it out of the Illinois statute of frauds.

It is not generally settled whether, in any case, part performance of a parol lease will take it out of the operation of the statute. The Supreme Court of this State, in the case of *Wolke* v. *Fleming*, 103 Ind. 105, said : " It is difficult to conceive any reason why the doctrine of part performance does not apply to a lease," yet the court admitted there was some conflict of opinion upon the question and expressly declined to take any authoritative stand respecting it, because not compelled to do so in the decision of that case. Whatever the rule may be generally, the current of authority, both in this country and England, declares that the mere taking possession by the lessee and the payment of rent do not amount to such part performance as will arrest the operation of the statute.

The English rule is that a parol lease in contravention of the provisions of the statute, under which possession is taken, creates a tenancy at will, and payment of rent thereunder converts it into a tenancy from month to month or year to year, according as the rental period may be indicated by the payments. *Clayton* v. *Blakey*, 8 T. R. 3 ; Browne Statute of Frauds, section 38.

In many of the States in this country the English rule is adopted, while in others the only tenancy created under such circumstances is one from year to year, the contract controlling the rights and obligations of the parties in all particulars, except as to duration. *Warner* v. *Hale*, 65 Ill. 395 ; *Wheeler* v. *Frankenthal*, 78 Ill. 124 ; *Creighton* v. *Sanders*, 89 Ill. 543 ; *Brownell* v. *Welch*, 91 Ill. 523 ; *Drake* v. *Newton*, 23 N. J. L. 111 ; *Scotten* v. *Brown*, 4 Harr. 324 ;

Cochran *v.* Ward.

*Cody* v. *Quarterman,* 12 Ga. 386; *Evans* v. *Winona Lumber Co.,* 30 Minn. 515; *Laughran* v. *Smith,* 75 N. Y. 205; *Morrill* v. *Mackman,* 24 Mich. 279; *Dumn* v. *Rothermel,* 112 Pa. St. 272; *Morehead* v. *Watkyns,* 5 B. Mon. 228; *Koplitz* v. *Gustavus,* 48 Wis. 48.

Under the statutes of this State, tenancies at will can only be created by express contract, and all general tenancies in which the premises are occupied with the consent of the owner, either express or implied, are tenancies from year to year. Section 5208, R. S. 1881. When one takes possession of real estate under a non-enforceable lease, his possession is with the consent of the landlord, consequently a tenancy from year to year is created. *Railsback* v. *Walke,* 81 Ind. 409; *Nash* v. *Berkmeir,* 83 Ind. 536.

In all the cases above cited the underlying principle is that while the lease confers no enforceable right upon the lessee, yet his possession thereunder is with the consent of the landlord, and such consent characterizes the situation of the occupant as that of a tenant and not a trespasser.

It is clear, upon familiar principles of law, that the rights of the tenant under such circumstances extend only to the premises actually occupied by him. In the case in judgment appellant occupied a portion of the premises, and paid rent only for that portion. This occupancy and payment of rent gave him no right to the balance of the premises, nor did he have any right thereto under the contract, consequently the special paragraph of reply was demurrable.

It is next insisted that the court erred in instructing the jury upon the effect of the evidence proving the Illinois statute. · This statute was read to the jury from a book purporting to have been published by the authority of the State of Illinois in the year 1874, and the court instructed that proof of the enactment or existence of the statute in 1874 was presumptive evidence that it was yet in force at the time the contract was made, to wit, April, 1888, but that such presumption was not conclusive and would yield to counter-

vailing evidence.   It is contended by counsel for appellant that it was incumbent upon the appellee to show affirmatively that the statute was still in force at the date of the contract. The courts are warranted in reposing confidence in the permanence and stability of the laws of foreign States to the extent that when a foreign statute is proven to have existed, it will be presumed to remain in force, in the absence of evidence showing its repeal.

Other questions discussed by counsel must, in view of the special findings, be regarded as immaterial.

The petition is overruled.

