ANNIE M. COONEY

v.

ANN MURRAY.

*Landlord and Tenant—Lease under Seal—Validity of Parol Contract Between the Parties—Statute of Frauds.*

In an action brought by a tenant against his landlord to recover damages for a breach of an alleged verbal contract by which the landlord agreed to furnish the tenant water during the term of his lease, this court holds that the alleged contract was void as being an attempt to enlarge by parol the terms of the lease, which was under seal, and also because it was contrary to the statute of frauds, the alleged contract having been made February 23d, and the lease extending for the term of one year from the first day of the ensuing month.

[Opinion filed December 12, 1892.]

APPEAL from the Circuit Court of McHenry County; the
Hon. CHARLES KELLUM, Judge, presiding.

Messrs. C. P. BARNES and FRANK SPITZER, for appellant

Mr. C. H. DONNELLY, for appellee.

MR. JUSTICE HARKER. On the 23d of February, 1889,
appellant, by writing, under seal, leased her farm in Mc-
Henry County to appellee for a term of one year to begin
on the 1st of March, 1889. Appellee went into possession
under the lease, but before her term had expired instituted
suit against appellant to recover damages for a breach of an
alleged verbal contract whereby appellant was to furnish a
sufficient supply of water on the farm for the use of appel-
lee and her stock. The suit was commenced before a justice
of the peace. On appeal to the Circuit Court a trial was
had resulting in a verdict and judgment in favor of appel-
lee for $180.

The lease contained no provision with reference to the
supply of water, but appellee claimed upon the trial that
after the lease was executed, and on the same day, appellant,
in consideration of appellee's executing a chattel mortgage
to secure the rent, agreed to supply upon the farm, water
sufficient for the use of appellee and her stock. Appellant
denied that she at any time agreed to supply the farm with
water, and upon this point there is a sharp conflict in the
testimony. In our view of the case it is immaterial whether
she made such a verbal agreement or not. We are disposed
to consider the execution of the lease by appellant and the
execution of the note and mortgage by appellee as contem-
poraneous. If that view is correct, then proof of the verbal
agreement alleged to have been made at the time the chat-
tel mortgage was executed, was inadmissible. A contract
can not rest partly in writing and partly in parol. The
lease expressly provided that appellant should furnish all
necessary material for repairing fences, etc., should supply
a new fence in the place of an existing one, when removed,
and should furnish appellee with wood for her use on the

premises. The things to be furnished by her were limited to these three items. It is plain, then, that the alleged verbal agreement enlarged the terms of the lease and required her to furnish more than she had under seal agreed to. To make such an agreement binding it was necessary for it to be in writing and under seal. A contrary holding would allow a contract under seal to be modified by a subsequent parol agreement, which can not be done. Baker v. Whiteside, Breese, 174; Chapman v. McGrew, 20 Ill. 101; Hume Bros. v. Taylor, 63 Ill. 43; Barnett v. Barnes, 73 Ill. 216; Breher v. Reese, 17 Ill. App. 545; I. C. R. R. Co. v. B. & O. & C. R. R. Co., 23 Ill. App. 531; Gilbert v. Coons, 37 Ill. App. 448. The alleged verbal agreement required appellant to furnish appellee with a sufficient supply of water during the term of the lease, i. e., from the 1st of March, 1889, to the 1st of March, 1890. It was entered into on the 23d of February. It was an agreement not to be performed within the space of one year from the making, and comes within the first section of our statute of frauds. The mere fact that its performance was possible within a year by the adoption of such means as would secure a probably continuous flow of water, would not prevent the statute from applying. It was a continuing obligation which could not be fully satisfied or completely performed until the end of the term. It bound her not only to furnish the supply at the beginning of the term, but to keep the supply sufficient until the end of the term. Browne on the Statute of Frauds, 3d Ed., Sec. 283; Olt v. Lohnas, 19 Ill. 576; Comstock v. Ward, 22 Ill. 248; Butcher Steel Works v. Atkinson, 68 Ill. 421; Wheeler v. Frankenthall, 78 Ill. 124.

The first and third instructions given for appellee were not in accord with the views above expressed. We are of the opinion that the only ground for a recovery shown by appellee, was for the hauling and other work and labor done on the farm at the request of appellant. We do not deem it necessary to consider the other alleged errors.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*