Marshall, C. J.
This canse originated in the court of common pleas of Mahoning county as an *409 action for negligence by an employe of a railroad engaged in interstate commerce, and tbe right of recovery is based upon a federal statute. Tbe plaintiff was a railroad locomotive engineer and the cause, of action was an injury alleged to have been caused by failure to keep in repair tbe glass shield in tbe cab of tbe engine, wbicb resulted in a cinder being lodged in tbe eye, from wbicb serious results followed.
Tbe petition alleges a cause of action based upon tbe employers federal liability act of 1908 and the other acts of congress supplementary thereto. Tbe answer sets up several defenses. The first is a general denial. Another pleads that plaintiff, with knowledge of tbe hazards, assumed tbe risk of bis employment. Another alleges contributory negligence on the part of tbe plaintiff. Tbe general denial puts in issue both tbe fact of tbe injury at tbe time and place as alleged in tbe petition and tbe cause of tbe injury as therein alleged. It is not material in tbe discussion of tbe legal questions involved to refer in any way to tbe defense of contributory negligence.
Tbe defense of assumed risk is an affirmative defense, and in order for tbe defendant to avail itself of that affirmative defense it was necessary to plead it specially and to support it by testimony. A general verdict was returned by tbe jury in favor of defendant. The court of appeals affirmed the judgment entered upon that verdict, and this court upon motion of plaintiff ordered tbe cause certified for review.
In tbe court of appeals it was alleged that error intervened in tbe trial court in tbe charge to tbe *410 jury upon the subject of assumed risk, and is so alleged in this court. Without entering upon a discussion and analysis of the subject of assumed risk, it is sufficient to say for the purposes of this error proceeding that the defense of assumed risk is open to the defendant under the federal employers liability act, and that that statute should be construed and the jury be properly instructed thereon in the light of the interpretations which have been placed upon it by the federal courts. The court of appeals found that the trial court did err in instructing the jury upon the doctrine of assumed risk, and counsel for the defendant in error concede that the charge of the trial court upon this feature of the case was erroneous, and upon our examination of the court’s charge we concur in those views and that the jury was given an erroneous view of the law of assumed risk under the federal statute. If no other defense had been pleaded, and it were necessary to predicate the verdict of the jury upon the plea of assumed risk, this court would not hesitate to reverse the judgment of the lower courts and remand the cause for new trial.
Assuming that error intervened in submitting one of the defenses to the jury, and keeping in mind that that defense was an affirmative one and therefore not dependent upon or related in the evidence to the issue raised by the general denial, it is urged by defendant in error that it must first be determined by a reviewing court before reversing upon that ground that error intervened in all other defenses; that where a general verdict has been returned, and the mental processes of the jury have not been tested *411 by special interrogatories to indicate which of the issues was resolved in defendant’s favor, it will be presumed that all issues were so determined; and, that, where a single determinative issue has been tried free from error, error in presenting another issue will be disregarded. This view of counsel met with approval in the opinion of the court of appeals and is in entire harmony with several former well-considered cases decided by this court. The earliest important case is Sites v. Haverstick, 23 Ohio St., 626. That case has been approved and amplified in the following cases: Beecher v. Dunlap, 52 Ohio St., 64; McAllister v. Hartzell, 60 Ohio St., 69; State, ex rel. Lattanner, v. Hills, 94 Ohio St., 171. Unless this court is prepared to overthrow this well-established doctrine the same views must be approved in the instant case. Counsel for plaintiff concede the establishment of the rule declared in those cases, and that if liability is asserted under an Ohio statute or under the general rules of the common law applicable to both state and federal jurisdictions the rule would control. It is claimed, however, that inasmuch as this particular controversy is based upon a liability created by a federal statute, this court should look to the rules which have been declared on that subject by the federal courts. A number of authorities have been cited, decided by the federal courts, clearly indicating that a different rule has been declared in the federal courts. The question therefore arises as to which rule should be followed by the state courts of Ohio in the trial of a case where the liability depends upon a federal statute.
*412 The federal courts in all cases involving the construction of state statutes have uniformly followed the rule that the construction given to such statutes in the state of their enactment shall control, and this court has always with equal deference followed the constructions of federal statutes which have been made by federal courts. All such authorities, however, relate to questions of substantive law and not to questions of practice and procedure. It is proper in this connection to draw the distinction between those questions relating to substantive law and questions of procedure. The substantive law relates to rights and duties which give rise to a cause of action. Procedure is the machinery for carrying on the suit. Applying this brief statement of principles to the instant controversy, it may be stated that as to the rights and duties of the plaintiff and the defendant under the federal employers liability act the determination must be made in accordance with the settled interpretation of those statutes made by the federal courts. But, inasmuch as the plaintiff has invoked the machinery provided by the state courts, that machinery must be made to function in the same manner that it usually functions in the trial of all other causes of action in such courts. While the cause of action may depend upon duties and liabilities declared by the legislatures of other states, the manner of proceeding must be along the lines provided by the legislature of the state in which the court is located. This is a question which has not been squarely met by this court or the supreme court of the United States, and it should be noted that the diligence of counsel has not discovered any author *413 ity of a contrary tenor. Some light has, however, been thrown upon the question by the supreme court of the United States in the case of Minneapolis, etc., R. R. v. Bombolis, Admr., 241 U. S., 211. In that ease the question was whether a jury in the state of Minnesota, where less than the whole number of jurors may agree upon a verdict, might render á legal verdict in a cause- arising under the federal employers’ liability act. The following is found in the syllabus in that case: “While a state court may enforce a right created by a federal statute, such court does not while performing that duty derive its authority as a court from the United States, but from the state, and the 7th amendment does not apply to it.”
Abundant authority can be found to support the foregoing statement. The clearest statement we have found is contained in the case of Cochran v. Ward, 5 Ind. App., 89, 29 N. E. Rep., 795, where the rule is declared that in matters of procedure the lex fori controls, and that that term applies to the nature of the action; that is to say, whether in form it shall be pleaded in covenant, detinue, assumpsit or case; to the rules of pleading and evidence, the order and manner of trial, the nature and effect of process, and to all other matters of remedy only.
In the Century Dictionary procedure is defined as the modes of conduct of litigation and judicial busi-ness, as distinguished from that branch of the law which gives or defines rights.
It only remains to be determined whether the evidence and the instructions of the court to the jury bring this case within the authority of Sites v. Hav *414 erstick, supra, and other cases in which that authority has been followed. This determination depends upon whether there were two separate and distinct defenses, and whether in the presentation of one of those defenses the trial proceeded in the trial court without error. The general denial put in issue the question as to whether the injury to plaintiff’s eye was inflicted by the particular cinder which he testifies was blown into his eye on the day alleged, or whether the injury was due to some former accident. It also puts in issue the question whether the absence of the shield on the cab was the proximate cause- of the injury. We have carefully examined the record of the evidence upon this issue, and the instruction of the court to the jury in the charge upon that subject, and we concur in the opinion of the court of appeals that there was competent, material evidence introduced by the defense to support the issue made by the general denial, and that in the introduction of such evidence, and in the charge of the court on that feature of the case, no error intervened. It is not seriously claimed that there was any error in the presentation of that defense, and it was therefore the duty of counsel, upon the authorities already referred to, to submit special interrogatories in order that it might be definitely ascertained whether the verdict of the jury rested upon that, defense in which error intervened rather than on the other defense in which no error intervened. Counsel not having, taken that precaution, and this court having no means of determining what was in the minds of the jury, and the presumption obtaining that by reason of the rendition of a general verdict all defenses were resolved in defendant’s favor, the error rela *415 ting to the presentation of the defense of assumption of risk must be disregarded. The judgment of the court of appeals -will therefore be affirmed.

Judgment affirmed.

Hough, Robinson, Jones, Matthias and Clark, JJ., concur.
Wanamaker, J., dissents.