CHARLES NORDMARK *et al.* v. GUST. NYSTROM.

46 117
71 97

APPEAL—*Jurisdictional Amount.* No appeal lies from the judgment of a justice of the peace in an action of replevin tried with a jury, where the value of the property replevied and the amount claimed as damages for its detention, taken together, do not exceed the sum of $20.

*Error from Republic District Court.*

THE opinion states the case.

*A. D. Wilson,* for plaintiff in error.

*A. B. Wilder,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This was an action of replevin, brought by Gust. Nystrom, before a justice of the peace, for the recovery of personal property from Charles Nordmark and Mrs. Charles Nordmark, which was described by him as follows: "Four old turkeys (one gobbler and three hens), of the value of 75 cents each; 20 young turkeys, of the value of 40 cents each; and all of the aggregate value of $11." He alleged that the property was wrongfully detained from him, and that the damage for the wrongful detention was $8. The property was taken by an officer upon an order of delivery, but was returned to the defendants below upon the execution of a redelivery bond. The cause was tried with a jury, and a verdict was rendered in favor of the plaintiff, Nystrom, finding the right of property in him, and that the value of the same was $11, and assessed his damages for illegal detention at 60 cents. Judgment was rendered upon the verdict, and an appeal was taken by the Nordmarks to the district court. There, a motion was made to dismiss the appeal, upon the ground that the cause had been tried by a jury, and that the amount involved did not exceed $20. This motion was sustained and the appeal dismissed, and this ruling is assigned for error.

Did an appeal lie from the judgment of the justice of the peace, which was that the plaintiff was entitled to the possession of the property or the sum of $11, the value thereof, in case a return could not be made, and that he recover the sum of 60 cents as damages for illegal detention? The justices' code (§ 120) provides for an appeal from the final judgment of a justice of the peace in all cases, except where it is otherwise specially provided. Then § 132 of the act provides, that no appeal shall be allowed "in jury trials where neither party claims in his bill of particulars a sum exceeding $20."

It is claimed that the action of replevin does not come within the provision quoted, because the primary thing in question is the recovery of possession, and not the value of the property or the damages for its detention. While the gist of a replevin action is the wrongful detention, and the purpose is to obtain the return of the property, or, in case a return cannot be had, a recovery of the value of the same, together with damages for the wrongful detention, yet it is essential that the value of the property in controversy should be stated. It is expressly provided that the action shall not be brought until an affidavit is filed, containing, among other statements, the actual value of the property; and when several articles are claimed, the value of each article shall be stated as nearly as practicable. (§ 56.) In this way the amount in controversy or which is claimed by the plaintiff is disclosed. The affidavit may stand and be treated as the bill of particulars, and serve as the pleading under which proof is offered; and it is also provided that the value of the property stated in the affidavit shall fix the jurisdiction of the justice as far as such value is concerned. (§ 62.) Where the property has been delivered to the plaintiff, and he fails to prosecute his action to final judgment, the defendant may have a jury impaneled to inquire into the right of property, and his right of possession to the property taken; and if satisfied that the defendant was entitled to the property at the commencement of the action, or is entitled to the possession at such time, they shall find accordingly, and further find the value of such

property or the value of the possession thereof, and also damages for withholding the same. (§ 63.) It is further provided that, in all cases where the property has been delivered to the plaintiff, and the jury shall find for the defendant, either that he had the right of property or the right of possession, they shall also find the value of the property or the value of the possession (§ 64); and the judgment in such case shall be for the return of the property, or for the value thereof or the value of the possession of the same, in case a return cannot be had, and for damages and costs. (§ 65.) Then, again, "When the property claimed has not been taken, the action may proceed as one for damages only, and the plaintiff shall be entitled to such damages as may be right and proper." (§ 67.) When an action is brought by a mortgagee to recover chattels given by him as security, only the amount of his special interest is involved in the controversy, and the payment of the amount by the mortgagor or other interested person discharges the lien and defeats the right of possession. It will thus be seen that the value of the property in controversy is a leading consideration from the inception of the action of replevin until the rendition of the final judgment, and in some cases it is the primary thing in dispute. The amount claimed, or the value of that which is claimed, is shown throughout by the pleading and proceedings, and we are inclined to the opinion that the action comes fairly within the spirit and purpose of the provision limiting appeals, where the amount in controversy is not more than $20, and there has been a jury trial. This question has been suggested, but never decided by this court. (*Miller v. Bogart,* 19 Kas. 117.) The case of *Martin v. Armstrong,* 12 Ohio St. 548, is referred to as an authority in favor of the right of appeal, but the Ohio code, under which the decision was made, does not require a statement of the value of the property in the affidavit for replevin, and this omission is one of the principal considerations upon which the decision rests. In Kansas, as we have seen, the value of the property must be stated in the affidavit, and this affidavit may stand as the pleading in the case. Under a somewhat similar

provision limiting appeals in Vermont, it was held that the value of the property replevied, together with the damages demanded for its taking and detention, is the amount in controversy which determines the right of appeal, and that where the sum of these did not exceed $20, the action was not appealable. (*Fisk v. Wallace*, 15 Vt. 418; *Andrews v. Baker*, 59 id. 656. See, also, Cobbey, Replevin, § 1246.) The amount in controversy in the present case was $19, being the value of the property, which was $11, and the damages claimed, which were $8, and, therefore, the court correctly ruled that the case was not appealable.

The judgment dismissing the appeal will be affirmed.

All the Justices concurring.