C. W. BURDSAL *et al.* V. J. B. SHIELDS.

No. 14,009.   (79 Pac. 1067.)

SYLLABUS BY THE COURT.

FORCIBLE ENTRY AND DETAINER—*Right of Appeal.* Under the
provisions of our statute a defendant in an action of forcible
entry and detainer, or forcible detainer, tried to a jury be-
fore a justice of the peace, has the right of appeal to the
district court regardless of the amount involved.

Error from Sedgwick district court; THOMAS C.
WILSON, judge.   Opinion filed March 11, 1905.   Re-
versed.

*C. V. Ferguson,* for plaintiffs in error.

*Conly & Conly,* for defendant in error.

The opinion of the court was delivered by

CUNNINGHAM, J.: The sole question presented in
this proceeding is whether an action in forcible en-
try and detainer, or forcible detainer, tried by a jury
before a justice of the peace, may be appealed by the
defendant to the district court without a showing of
the amount involved in such action. The district court
dismissed such appeal because no showing of value
was made. Section 120 of the code of civil procedure
before justices (Gen. Stat. 1901, §5353) is as fol-
lows:

"In all cases not otherwise specially provided for
by law, either party may appeal from the final judg-
ment of any justice of the peace to the district court
of the county where the judgment was rendered."

By this section the right of appeal exists in all ac-
tions regardless of value, unless limitations are else-
where found. Section 132 (Gen. Stat. 1901, §5362)
reads as follows:

"An appeal may be taken from the final judgment
of a justice of the peace in any case except in cases

hereinafter stated, in which no appeal shall be allowed: *First*, on judgments rendered on confession; *second*, in jury trials where neither party claims in his bill of particulars a sum exceeding twenty dollars."

In justification of the ruling of the district court it is contended that the second exception to the general right of appeal, above quoted, applies to actions of this character. We hold the contrary view, for the following reasons:

(1) The term "bill of particulars" must be referred to section 71 of the justices' code (Gen. Stat. 1901, § 5302), which provides that in all cases before a justice the plaintiff shall file a bill of particulars of his demand. This, from the accompanying sections, clearly refers to the commencement of an original action for the recovery of money. The provision relative to the commencement of a special proceeding in forcible entry and detainer, however, is different. Section 162 (Gen. Stat. 1901, § 5398) provides that the complaint in such action shall be in writing and under oath and contain a description of the premises in controversy; so that by the ordinary rules of construction we would not be led to the conclusion that the second exception in section 132 referred to a complaint in an action of this character. Then, too, we must consider the character of such an action. The right to maintain it arose because of an alleged violent taking or keeping possession of the premises in question. Such forcible acts are in the nature of a disturbance of the peace, and this form of action was given to afford summary relief to the one dispossessed, so as to discourage retaliatory breaches of the peace to accomplish a repossession. The danger to the peace is as great, if not greater, over the small and insignificant holding than over the more pretentious. The verdict is guilty or not guilty. Thus it will be seen that the action has much more the aspect

of a peace proceeding than one for the recovery of money, or things of a money value.

(2) Section 132*a* requires that "in appeals taken by the defendant in actions for the forcible entry and detention or forcible and unlawful detention of real property, the undertaking on appeal shall be conditioned," etc. This section clearly contemplates and provides for appeals in this class of cases by the defendant, and contains no restrictions as to value upon such right of appeal.

The conclusion that by this section the legislature intended to provide for such appeals becomes irresistible when we examine the condition of the statutes before the enactment of this last-quoted section in 1870. The General Statutes of 1868, in section 132 of the justices' code, provided, *inter alia,* that—

"appeals in the following cases shall not be allowed: *First,* on judgments rendered on confession; *second,* in jury trials, where neither party claims, in their bill of particulars, a sum exceeding twenty dollars; *third,* in the action for the forcible entry and detention, or forcible detention, of real property."

This section was changed by the legislature of 1870 to the condition we now find in sections 132 and 132*a*. (Gen. Stat. 1901, §§ 5362, 5363.) It will thus be seen that prior to 1870 it was thought that the second provision, forbidding appeals in jury trials where neither party claimed more than twenty dollars, did not forbid appeals in forcible-entry cases. It will be noted, further, that the legislature of 1870 expressly provided by section 132*a* for such appeals by the defendant and fixed the conditions of his appeal bond.

The defendant in error insists that actions in replevin involving less than twenty dollars have been held to be non-appealable (*Nordmark v. Nystrom,* 46 Kan. 117, 26 Pac. 449), and that as great reason exists for excluding actions in forcible entry and detainer. It will, however, be noted by reference to

the case cited that the question was there so held because the amount involved was required by the statutes to be stated in the replevin affidavit, which affidavit was treated as a bill of particulars. A contrary holding was made in a replevin action (*Martin v. Armstrong,* 12 Ohio St. 548), because no amount was required to be stated in the affidavit. The argument in the *Nordmark v. Nystrom* case strongly leads to the conclusion that in a case like the one at bar, where no amount is required to be stated in the affidavit, the contrary rule would obtain.

We are well satisfied that the defeated defendant in an action of forcible detention has a right to appeal to the district court, regardless of the amount involved.

The action of the district court is therefore reversed, and the case remanded for further proceedings.

All the Justices concurring.