No. 20,173.

JOHN A. EDWARDS, *Appellant,* v. THE AMERICAN LAND & CAT-
TLE COMPANY and WATSON D. HAINES, *Appellees.*

SYLLABUS BY THE COURT.

1. LANDLORD AND TENANT — *Subtenancy — Relation of Subtenant and
Landowner—Evidence.* In an action for damages alleged to have been
sustained by the plaintiff by being dispossessed by the defendant of
land alleged to have been leased by the plaintiff from the defendant
through its agents, it is proper to introduce in evidence written leases
for the land to another person, for the same time, and to show that
the other person leased the land to the plaintiff, where the answer
alleges that the defendant did not lease the land to the plaintiff nor
authorize anyone to do so.

2. SAME—*Termination of Lease Fixed—Notice to Quit Unnecessary.* To
terminate the rights of a sublessee of land, it is not necessary to give
him notice to quit, where the lessor of the sublessee holds from the
landowner under a written lease which fixes the time for the termina-
tion of the tenancy.

3. SAME—*No Error in Instructions.* The instructions given have been
examined and are found to have correctly stated the position of the
defendants.

Appeal from Clark district court; GORDON L. FINLEY, judge.
Opinion filed October 7, 1916. Affirmed.

*W. W. Harvey,* of Ashland, for the appellant.
*Francis C. Price,* of Ashland, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff sought to recover judgment for
damages for the dispossession of the land on which he was
pasturing and watering cattle. Judgment was rendered in
favor of the defendants. The plaintiff appeals.

The American Land & Cattle Company owned a large tract of
land in Clark county. From some time in 1905 until in July,
1913, the plaintiff pastured and used about 1600 acres of this
land, lying along Snake creek. The plaintiff owned other large
tracts of land contiguous to, and fenced with, that of the cattle
company. The plaintiff paid $200 a year for the use of the land
owned by the cattle company. This rent was paid to different

parties. The plaintiff's leases were oral and were for a year at a time. There was a conflict in the evidence concerning the parties from whom the plaintiff leased the land. The plaintiff's evidence tended to show that he rented the land from agents of the cattle company, while the defendants' evidence tended to show that the plaintiff rented the land from the company's tenants. These tenants had written leases which provided for the surrender of possession of the land on the 30th day of April of each year. J. P. Campbell had this and other land of the cattle company leased annually from May 1, 1911, to April 30, 1913. For the year May 1, 1913, to April 30, 1914, Campbell had the other land leased, but for that year his leases omitted the lands in controversy. In July, 1913, the cattle company fenced its land along Snake creek, drove the plaintiff's cattle off, and ordered the plaintiff to keep off the land and to keep his cattle out. The plaintiff was pasturing a large number of cattle on the land owned by himself and that owned by the cattle company. These cattle obtained water at Snake creek, on the land of the cattle company. The plaintiff did not have a supply of water on his land sufficient for his cattle. On account of being deprived of water, his cattle were greatly damaged. To recover damage he brought this action. The case was tried to a jury and a general verdict was returned in favor of the defendants.

1. One of the plaintiff's complaints is that the court erred in admitting in evidence leases from the defendant cattle company to J. P. Campbell for the years 1911, 1912 and 1913. In their answer the defendants denied that they had, at any time, leased to the plaintiff any of the land belonging to the cattle company, and denied authorizing any person to do so. Under these allegations it was proper for the cattle company to prove that it had leased the land in controversy to J. P. Campbell, and then to prove that J. P. Campbell had leased the land to the plaintiff. This evidence contradicted that of the plaintiff, which tended to show that the plaintiff leased the land directly from the cattle company through its agents. If the plaintiff rented this land from J. P. Campbell, his leases were properly introduced in evidence to show his, and, necessarily, the plaintiff's

46—98 KAN.

rights under the leases, together with the rights of the defendant cattle company.

2. No notice that the plaintiff's right to the use of the land would be terminated was given to the plaintiff by the cattle company, or by anyone for it. For this reason the plaintiff contends that he was wrongfully deprived of the use of the land and of the water on it. This question is presented in different ways. The plaintiff asked instructions that notice was necessary before his rights could be terminated. These instructions were refused. The court instructed the jury, in substance, that if Edwards was a subtenant under J. P. Campbell, and that if J. P. Campbell was a lessee under the written leases offered in evidence, no notice to the plaintiff was necessary in order to terminate his right to the use and possession of the land in controversy. Campbell's leases provided for the termination of his interest on April 30, 1913. To terminate his right to use the land for any period of time after April 30, 1913, it was not necessary to give him notice. If it was not necessary to give Campbell notice, it was not necessary to give the plaintiff notice in order to deprive him of his right, if any he had, to the use of the land. Section 4698 of the General Statutes of 1909 governs this question and is as follows:

"Where the time for the termination of a tenancy is specified in the contract, or where a tenant at will commits waste, or in the case of a tenant by sufferance, and in any case where the relation of landlord and tenant does not exist, no notice to quit shall be necessary."

The instructions requested by the plaintiff ignored the defendants' evidence tending to show that the plaintiff was the tenant of J. P. Campbell, and for that reason were properly refused. They withdrew from the jury the power to determine between the evidence of the plaintiff and that of the defendants as to the source of the plaintiff's right to use the land. If the jury believed that the plaintiff's contention concerning the leasing of the land was the correct one, the plaintiff's rights were fully protected by the instructions given.

3. The plaintiff contends that the instructions of the court did not correctly state the position of the defendants. The part of the instructions toward which this contention is directed was as follows:

"The defendants claim that the lands were leased to J. P. Campbell under written leases which specify the date of expiration. Further, that plaintiff, Edwards, was a sub-tenant under Campbell, under a verbal lease."

This was a correct statement of the position of the defendants.

The judgment is affirmed.