Tredick v. Birrer.

---

No. 23,294.

CHARLES E. TREDICK, *Appellee*, v. F. A. BIRRER, *Appellant.*

S. S. REYNOLDS, *Appellee*, v. F. A. BIRRER, *Appellant.*

SYLLABUS BY THE COURT.

1. LANDLORD AND TENANT — *Oral Lease — To Begin in Future — Void — Statute of Frauds.* An oral contract to lease a tract of farming land for one year, where the term is to begin at a future date, is void under the statute of frauds.

2. SAME—*Tenant Holding Over After Lease Expires—Entitled to Thirty Days' Notice to Quit.* Where a tenant enters a tract of farming land under a written lease for a year, and is permitted by his landlord to occupy the property after the expiration of the term, such tenant by operation of law becomes a tenant from year to year; and, as such, he is entitled to thirty days' notice to quit prior to the expiration of the then current year.

3. SAME—*Badly Framed Pleadings—Nature of Action—Forcible Detention—Estoppel·* Where the pleadings, chiefly through the fault of plaintiff, are so badly framed that the cause of action (between a landlord and his tenant) cannot be tried under them, and a stipulation is entered into between the parties that the cause may be tried as a possessory action (in forcible detention), the defendant is not estopped to invoke the proper legal defense thereto, merely because in the discarded pleadings he had relied on another and insufficient defense.

4. SAME—*Expiration of Lease Definitely Fixed—Notice to Quit Unnecessary.* Where a tenant by an oral contract rents a tract of land for a year, and the term thereof is definitely fixed, his right to occupy the property ceases absolutely at the end of his term, and no notice to quit is necessary to terminate his tenancy. ·

Appeal from Gove district court; ISAAC T. PURCELL, judge. Opinion filed July 9, 1921. Affirmed in part, and reversed in part.

*J. H. Jenson,* of Gove, *A. D. Gilkeson,* of Hays, *Lee Monroe, Guy L. Hursh, E. R. Sloan,* and *C. M. Monroe,* all of Topeka, for the appellant.

*R. H. Thompson,* of Gove, *E. A. Rea,* and *E. C. Flood,* both of Hays, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: These are consolidated actions for the right of possession of two tracts of farming land in Gove county. In one of these, S. S. Reynolds as owner, leased forty-two acres to the defendant under a written contract for the crop year from September 1, 1918, to August 31, 1919. In the other case, Reynolds as agent of Charles E. Tredick, the owner, leased 160 acres to the defendant for the crop year from September 1, 1919, to August 31, 1920. No written contract for the Tredick land was executed. The defendant remained in possession of the Reynolds land the second year without a written contract. In June, 1920, according to the jury's findings, defendant had an oral conversation with Reynolds in which the latter assured him that he might have the land for another year; but on August 26, 1920, Reynolds served written notices on defendant of termination of tenancy and demand for possession on the ensuing date of August 31. Defendant refused to vacate. Hence these lawsuits.

The trial court gave judgment against defendant as to both tracts of land, and he appeals.

While the cases were tried as one lawsuit, it seems necessary to consider their respective phases separately. Of course, under well considered precedents, the contract founded on the oral promise of Reynolds made in June to rent these lands to defendant for another year which was to commence, not at that time but at a future date, September 1, was void under section 6 of the statute of frauds. (Gen. Stat. 1915, § 4889; *Wolf v. Dozer,* 22 Kan. 436; *Jamison v. Christman,* 95 Kan. 131, 133, 148 Pac. 247; *Jellett v. Rhode,* 43 Minn. 166, 7 L. R. A. 671. See, also, the authorities *pro* and *con* in 49 L. R. A., n. s., 820-825.)

But as to the Reynolds land, the defendant had leased that land for a year under a written contract. The contract was for the year beginning September 1, 1918, and ending August 31,

1919. When that year expired, defendant was permitted by Reynolds to hold over without a new or a different contract. Another contract in writing was prepared, but it was not executed, and therefore entitled to no significance. In such a situation defendant became a tenant from year to year under the statute (Gen. Stat. 1915, § 5957) ; and, as such, he was entitled to thirty days' notice prior to August 31, 1920. He only received *five* days' notice, which was altogether insufficient to terminate his tenancy. (Gen. Stat. 1915, § 5960.)

Plaintiff argues that defendant cannot take advantage of this because in his pleading he set up the invalid contract of June. There was much more the matter with plaintiff's pleading than with defendant's. Plaintiff's action was for an *injunction* to restrain defendant from farming and seeding the land in the autumn of 1920. By stipulation at the trial, the cause was tried as a possessory action, and in such a situation defendant's pleading, drawn to answer the suit for an injunction, should not rigidly be construed against him. As an injunction suit, the case should have been thrown out of court. (*Snyder v. Hopkins,* 31 Kan. 557, 559, 3 Pac. 367) because the plaintiff had a very plain, very speedy, and altogether adequate remedy at law. As a possessory action—forcible detainer, for such it necessarily was according to plaintiff's standpoint after the stipulation was filed—defendant's general denial was sufficient answer to that. Indeed, the issues were so badly framed on paper that they could not form a basis for any proper judgment. The effect of the stipulation was to discard the pleadings, and that the case should be tried on the facts without pleadings.

The judgment touching the right of possession of the Reynolds' land was incorrect.

Touching the defendant's tenancy of the Tredick land, he went into possession for one year only, for a term definitely fixed, September 1, 1919, to August 31, 1920; and therefore, no thirty days' notice nor any other notice to quit was necessary. (Gen. Stat. 1915, § 5964; *Edwards v. Land & Cattle Co.,* 98 Kan. 720, 722, 160 Pac. 205.) It follows that the judgment entered for the plaintiff Tredick was correct.

The judgment for the possession of the Reynolds land is reversed, and the judgment for the possession of the Tredick land is affirmed.