No. 24,381.

WILLIAM E. LANE, *Appellee*, v. MARY MYRTLE OZIAS, *Appellant*.

SYLLABUS BY THE COURT.

LANDLORD AND TENANT—*Oral Lease for One Year to Begin in Future—Lease Void—Statute of Frauds.* A lease of farming land for a term of one year beginning at a future date is an estate in land "exceeding one year in duration" and cannot be performed "within the space of one year from the making thereof," within the meaning of the statute of frauds; and a lease so made by an agent without authority in writing signed by the party to be charged thereby is void; and the principal, disclosed or undisclosed, cannot be held in damages for failure to deliver possession of the land pursuant to such unauthorized contract of lease.

Appeal from Scott district court; ROSCOE H. WILSON, judge. Opinion filed July 7, 1923. Reversed.

*William H. Thompson*, of Kansas City, and *John J. Cosgrove*, of Kansas City, Mo., for the appellant.

*R. D. Armstrong*, of Scott City, and *O. A. Wilson*, of Ellsworth, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This was an action for damages by a lessee of a quarter section of Scott county land because of his landlord's failure to give him possession of the property.

The circumstances, in brief, were these: Prior to February, 1919, the defendant's father, Dr. Charles Ozias, a resident of Missouri, owned the land. He had an agent in Scott City, W. B. Culbertson, who looked after his interests and collected his rents. In the winter of 1918-1919, the elder Ozias disposed of his property to his three children, the quarter of land involved being conveyed to this defendant. She did not record her deed until about the time this lawsuit was instituted. The tenant on the land, Lewis Kramer, had not been quite satisfactory to Doctor Ozias, and some abortive steps were undertaken to remove him. During the summer of 1919, Culbertson, the Scott City agent, arranged a lease of the property to plaintiff and forwarded to Doctor Ozias the duplicate contracts of lease. Doctor Ozias made some corrections in them and signed them and these were returned to Scott City and one of the duplicates delivered to plaintiff. The making of this contract and its delivery transpired not later than some time in June, 1919. The term of the lease to plaintiff was to begin on September 1, 1919, and end August 31, 1920.

In September, when plaintiff was ready to prepare the ground and drill it for wheat, the prior tenant, Kramer, had not surrendered possession and would not yield possession. Kramer planted the ground to wheat and the following year raised a phenomenal crop. Plaintiff farmed five other quarter sections of land and he, too, had a good crop.

Plaintiff sued the elder Ozias for damages for his failure to deliver possession and attached the land. This brought the appearance of the defendant, the true owner of the property. Plaintiff dismissed his action against the elder Ozias and brought this action and recovered judgment.

Defendant appeals, urging many matters, the most significant of which is the point that her father had no lawful authority to lease the property since no such authority in writing was shown and none existed, and the term of the lease contract was for a longer period than one year from the time it was made.

The statute of frauds (Gen. Stat. 1915, §§ 4888, 4889) in part, reads:

"§ 5. No leases, estates or interests of, in or out of lands, exceeding one year in duration, shall at any time hereafter be assigned or granted, unless it be by deed or note, in writing, signed by the party so assigning or granting the same, or their agents thereunto lawfully authorized by writing, or by act and operation of law. (G. S. 1868, ch. 43, § 5; Oct. 31.)

"§ 6. No action shall be brought whereby to charge a party upon any special promise to answer for the debt, default or miscarriage of another person; or to charge any executor or administrator upon any special promise to answer damages out of his own estate; or to charge any person upon any agreement made upon consideration of marriage; or upon any contract for the sale of lands, tenements, or hereditaments; or any interest in or concerning them; or upon any agreement that is not to be performed within the space of one year from the making thereof, unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith, or some other person thereunto by him or her lawfully authorized in writing. (G. S. 1868, ch. 43, § 6, as amended by L. 1905, ch. 266, § 1; March 21.)"

The contract of lease having been made in June, 1919, for a term ending August 31, 1920, some fourteen months in the future, was within this statute.

In *Tredick v. Birrer*, 109 Kan. 488, 489, 200 Pac. 272, it was said:

"Of course, under well considered precedents, the contract founded on the oral promise of Reynolds made in June to rent these lands to defendant for another year which was to commence, not at that time but at a future date, September 1, was void under section 6 of the statute of frauds. (Gen. Stat. 1915, § 4889; *Wolf v. Dozer*, 22 Kan. 436; *Jamison v. Christman*, 95 Kan. 131, 133, 148 Pac. 247; *Jellett v. Rhode*, 43 Minn. 166, 7 L. R. A. 671. See, also, the authorities *pro* and *con* in 49 L. R. A., n. s., 820-825.)"

Against this, the appellee cites *Mertz v. Hubbard*, 75 Kan. 1, 88 Pac. 529, which does not control because while it was decided after the statute of frauds was amended in 1905, the cause of action arose prior to that enactment. Moreover, even in that case, the undisclosed principal could not have been made an obligor unless the agent had lawful authority to contract. Lawful authority to contract for a term which extended 14 months into the future could only be conferred. in writing, if the principal, disclosed or undisclosed, did not choose to be bound by it and did nothing to ratify it, and where there was no element of estoppel involved. It obviously follows that the judgment in this case cannot stand.

Reversed, with instructions to enter judgment for defendant.