No. 25,884.

THEODORE B. HALE, *Appellee*, v. HENRY BROWN, *Appellant*.

SYLLABUS BY THE COURT.

1. FORCIBLE ENTRY AND DETAINER—*Action Before Justice—Nature of Proceeding*. An action for forcible entry and detainer before a justice of the peace although summary in its nature and specifically regulated by statute is a civil proceeding and not criminal in character.

2. SAME—*Right of Appeal to District Court*. A plaintiff who is defeated in an action for forcible entry and detainer before a justice of the peace has a right of appeal to the district court.

3. SAME—*Notice—Sufficiency*. The notice served on defendant to leave the premises examined and held sufficient to satisfy the statute (R. S. 61-1304) requiring notice to be given at least three days before an action for forcible detainer is instituted.

4. FRAUDS, STATUTE OF—*Agreement Not to be Performed Within One Year—Lease of Farm*. An oral promise of a landowner made in the autumn to a prospective tenant that on March 1 of the following year he would give the latter a lease of a farm for an indefinite period—for as long as the tenant should want it, for longer than one year, for "possibly three or five years"— is unenforcible, and afforded no justification for the forcible detainer of the farm beyond the ensuing March 1.

Appeal from Logan district court; JACOB C. RUPPENTHAL, judge. Opinion filed October 10, 1925. Affirmed.

*W. H. Wagner*, of Wakeeney, for the appellant.
*J. H. Jenson*, of Oakley, and *J. A. Fleming*, of Topeka, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This was an action in forcible entry and detainer, which originated before a justice of the peace.

Plaintiff leased his farm to J. T. Merica for a year, from March 1, 1923, to March 1, 1924. The lease was in writing and contained a clause that the lessee could not sublet the property without the written consent of the landlord. On September 1, 1923, the tenant let his father, J. V. Merica, into possession in his stead; and in October the elder Merica sold his crop to defendant and let the latter into possession in his stead. Plaintiff knew of these arrangements, but did not give written assent thereto. On February 25, 1924, plaintiff notified defendant in writing to vacate. Defendant did not com-

1. Forcible Entry and Detainer, 26 C. J. § 39.   2. Id., 26 C. J. §§ 157, 158.   3. Id., 26 C. J. § 86.   4. Frauds, Statute of, 27 C. J. §§ 90, 124.

ply. Hence this action. A judgment in favor of defendant before the justice of the peace was appealed to the district court.

Defendant's motion to dismiss the appeal was denied. The cause was tried before a jury, but at the conclusion of the evidence the trial court directed a verdict for plaintiff.

Defendant assigns error. He first argues that forcible entry and detainer is an action criminal in its nature, where a verdict of guilty or not guilty has to be returned, and he calls attention to the statute pertaining thereto (R. S. 61-1310), and argues that no right of appeal is provided for on plaintiff's behalf. The proceeding, while peculiarly statutory and summary in its nature, is and for several centuries has been a civil action, although in ancient times it was otherwise. The defendant in such an action found "guilty" is not a criminal. When the action is begun the defendant is not served with a warrant nor placed under arrest. He is served with a summons (R. S. 61-1306) as in any other civil action; and the case may be tried in his absence. (R. S. 61-1307; *Burdsal v. Shields,* 71 Kan. 95, 79 Pac. 1067; *French v. Miller,* 126 Ill. 611; 9 A. S. R. 651, 656, 657; 2 Cooley's Blackstone, 3d. ed., Book III, 179; 26 C. J. 810-811; 11 R. C. L. 1165 *et seq.*)

There is really little ground to argue that a defeated plaintiff in a detainer case cannot appeal. The justices' code provides that in all cases not otherwise specially provided for either party may appeal from a final judgment of a justice of the peace. (R. S. 61-1001; 61-1312; *Mercantile Co. v. Wimer,* 97 Kan. 31, 154 Pac. 216.) This right of appeal by the losing party in an action for forcible entry and detainer is as clear and unqualified as in any other civil action (26 C. J. 871 *et seq.*), although, indeed, the statute does prescribe special features governing such appeals by defendants who are defeated in justice court. (R. S. 61-1011.) The exceptions to the right of appeal from decisions of a justice of the peace are limited to judgments *pro confesso,* and those based on juries' verdicts involving less than $20. (R. S. 61-1010.)

Defendant points out what he contends was a defect in the notice to quit. The notice reads:

"BREWSTER, KANSAS, 1/22/24.

"*Henry Brown, Brewster, Kan.:*

"SIR—You are hereby notified to quit my premises, viz., the southeast ¼ of section 11, twp. 11, range 37, or suit will be brought to eject you.

T. B. HALE.

"NOTE.—The case of landlord and tenant does not exist between you and me and this notice is not necessary, but I am going to save you costs."

Hale v. Brown.

The defect urged is that this notice did not specify when defendant was required to quit. That is not a statutory requirement. The statute merely says notice shall be given at least three days before the action is begun. (R. S. 61-1304.) The notice in this case was given seven days before the action was begun, and it was therefore sufficient to satisfy the statute. No notice of any sort was needed to terminate defendant's right of occupancy. If he had any right of occupancy it was as sublessee or assignee of Merica, the lessee whose term expired on March 1, 1924, and neither Merica nor defendant was entitled to any notice to quit. (R. S. 67-509; *Tredick v. Birrer*, 109 Kan. 488, 490, 200 Pac. 272.) If defendant was not holding as sublessee of Merica, then he was either a tenant by sufferance or not a tenant at all, in either of which situations he was not entitled to notice. (R. S. 67-509.)

Defendant's final point pertains to an oral promise of plaintiff made to defendant in the autumn of 1923, that on March 1, 1924, he would give defendant a written lease for a term of years. Defendant's wife testified:

"I know Mr. Hale and he talked with me several times about the place and renting of it. He came to our place and talked it over with Mr. Brown, and it was agreed that if we could buy Mr. Merica out that we could have the place. We told him we would not take it if we could just get it one year; he said he did not want to rent it that way either. 'I will let you have it as long as you want it.'"

The defendant testified:

"Q. What was said between you and Hale? A. Well, he wanted to sell me the feed and rent me the place. I told him I would buy his feed and rent the place provided we could buy Doc out.

"Q. Who is 'Doc'? A This 'Doc' that he referred to, Merica, I don't know just his right name. . . .

"Q. Well, now, who was the old man? A. Well, Mr. Hale himself, the old gentleman, and he said he was feeling bad that day, and I asked him about renting the place and he said he would rent it to me providing I would buy his feed. I asked him what he wanted for his feed and he said thirty dollars. I told him that was too much, that I would give him twenty; that I was buying Merica's feed on the place in the same field for three dollars per acre; and he studied a little bit and he said, 'All right, my boy, you can have it, and I will give you a lease on the place the first of March.' That was the conversation. That is all of it. . . .

CROSS-EXAMINATION.

"Q. You say in September you had a conversation with Mr. Hale in regard to renting this place? A. Yes, sir.

Hale v. Brown.

"Q. You say in September [1923] you had a conversation with Mr. Hale in regard to renting this place. A. Yes, sir.

"Q. And he told you then you could stay till March first, is that true? . . . A. I stated that he said I could go on the place and if I would buy his feed I could have a lease on the place the first of March.

"Q. From the first of March to when? A. I didn't say from the first of March; I said the first of March he would give me a lease. . . .

"Q. And how long was that lease to be for? A. I said I didn't want to rent the place for one year; I wanted to rent it for more.

"Q. Well, it was the first of March, nineteen twenty-four, to how long? A. He didn't give me the lease; I can't tell you.

"Q. Well, didn't he say how long it was to be for? A. He didn't state. . . .

"Q. How long do you claim you have the lease on it? A. How long? Just as long as the law allows under the conditions.

"Q. Did Mr. Hale ever agree to lease it to you for any specific length of time? A. Just as long as I wanted it.

"Q. He agreed to let you have it for as long as you wanted it? A. Yes, sir.

"Q. And the lease that was to be drawn up the first of March was to be for as long as you wanted it? A. Yes, sir; he told me he wanted me to make a home of it.

"Q. It was to read from the first day of March, nineteen hundred twenty-four, to as long as you wanted it? That might be forever. A. According to his statements, I guess it might be forever.

"Q. Well, what did you think about it? A. I thought possibly it would be three to five years.

"Q. Well, what is the shortest time you think it ought to have been, from what he said? A. I told him I didn't want it for one month or one year.

"Q. It was to be longer than a year, then? A. Yes, the written lease was."

It will thus be seen that the orally promised lease was for a term greater than one year from the time (September, 1923) when the alleged contract was made. An oral promise to lease a farm for more than a year is void under the statute of frauds. (R. S. 33-105; *Tedrick v. Birrer,* supra; *Lane v. Ozias,* 114 Kan. 46, 217 Pac. 331.) But it is urged that an oral promise to make a lease for a term longer than one year is not itself a contract which cannot be performed within one year and therefore such promise is not under the ban of the statute. If so, the breach of plaintiff's oral promise to give defendant a lease might give the latter a cause of action for breach of contract, but it gave him no legal or sufficient excuse for forcible detainer of plaintiff's farm.

The judgment is affirmed.