No. 37,213

ERNEST G. GUNTER, *Appellee*, v. WILLIAM EIZNHAMER, *Appellant*.

(196 P. 2d 177)

Opinion filed July 10, 1948.

*Wayne W. Ryan,* of Clay Center, argued the cause, and *C. Vincent Jones,* of Clay Center, was with him on the briefs for the appellant.

*John Berglund, Jr.,* of Clay Center, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: Plaintiff instituted a forcible detainer action in the Clay county court to obtain possession of the premises involved. Plaintiff prevailed and defendant appealed to the district court.

The latter court rendered judgment restoring possession of the premises to plaintiff and taxed the costs of the action to defendant. From that judgment the defendant appeals.

The bill of particulars in the county court, insofar as now material, in substance, alleged:

Plaintiff was the owner of the premises which by oral agreement defendant entered and used as a repair shop from month to month at an original monthly rental of $60; the rental was later increased to $100 per month; on August 29, 1947, plaintiff notified defendant in writing to vacate as of September 30, 1947; on October 1, 1947, plaintiff notified defendant in writing to vacate the premises forthwith and that an action was about to be brought for the possession thereof (copy of the two notices were attached); defendant held the premises beyond his term and plaintiff was entitled to possession thereof after September 30, 1947; defendant owed plaintiff rent from October 1, 1947, in the amount of $100 per month prorated to the number of days defendant held the premises over the term.

Defendant's answer filed in the county court, insofar as material, alleged:

"1. He admits he is a resident of Clay Center, Clay County, Kansas, and that he peaceably and lawfully entered into the possession of the premises described in plaintiff's bill of particulars.

"2. He denies each and every material allegation contained in said bill of particulars, except specifically admitted herein."

In the district court appellant filed an answer denying all allegations of the bill of particulars except those specifically admitted and further, in substance, alleged: He had entered into an oral agreement with the plaintiff whereby it was agreed he could retain the premises until June, 1948, by increasing the rent from $80 to $100 per month; he paid the increased rent regularly including the rental for October, 1947, which latter rental plaintiff refused; if exhibit "A" were legally served upon him plaintiff waived it and defendant was entitled to possession.

In the reply appellee denied all allegations contained in the amended answer which were inconsistent with the allegations of his bill of particulars.

The parties waived trial by jury. Exhibits "A" and "B" adduced in evidence by appellee were:

" 'EXHIBIT A'.
"(Notice of Termination of Rental Agreement)
"Given as of August 29, 1947
"Mr. Wm. Eiznhamer
"Clay Center, Kansas
"I, Ernest G. Gunter, do hereby give you this written notice to vacate my garage building located ½ block east of the Post Office in the City of Clay Center, Kansas, as of September 30, 1947, this being your 30 day notice, as I have leased this building on a term lease, beginning October 1-1947.
"Respectfully,
"/s/ E. G. GUNTER
"Clay Center, Kansas."

" 'EXHIBIT B'
"Notice to Quit
"To William Eiznhamer.
"You are hereby notified and required to forthwith leave the following described premises, to-wit:
"Lot fifteen (15) of Block thirty-one (31) of the Original Townsite of Clay Center, Clay County, Kansas, for the possession of which premises an action is about to be brought by me against you.
"Witness my hand at Clay Center, this 1st day of October, 1947.
"/s/ E. G. GUNTER."

As a part of appellee's cross-examination appellant introduced his exhibit "5" which was:

"NOTICE TO QUIT
"To Mr. William Eiznhamer .
"You are hereby notified to quit and surrender to the undersigned Ernest G. Gunter, owner of the following described premises, to-wit:
"Lot fifteen (15) of Block Thirty-one (31) of the Original Townsite of Clay Center, Clay County, Kansas, now occupied by you, at the expiration of thirty-three (33) days from the date this notice is served upon you or before November 3, 1947. This notice is given you for the purpose of terminating your tenancy in the said premises as provided by law.
"You are further notified that unless you vacate the said premises in thirty-three (33) days from the date this notice is served upon you, action will be brought to recover possession of said premises and damages caused thereby.
"Dated, October 1, 1947.
"/s/ E. G. GUNTER."

It is conceded exhibit "A" was delivered to appellant by registered mail with return receipt requested and that appellant received it. It is also conceded that both exhibits "B" and "5" were properly served by the sheriff of Clay county on October 1, 1947, and that his return disclosed such service.

Appellant below contended he entered into an oral contract with appellee on June 3, 4, or 5, 1947, by which appellee agreed to con-

tinue the tenancy until June 1, 1948, if appellant increased the rental payments to $100 per month. Appellee below admitted he agreed to permit appellant to continue as tenant from month to month at $100 per month but denied he agreed to permit appellant to retain possession until June 1, 1948, or for any other specified period. The conflict of testimony on this point was resolved in favor of appellee by the trial court and we cannot disturb the conclusion reached. It follows we must, and do, consider the arrangement as a tenancy from month to month.

G. S. 1935, 67-503 provides:

"When rent is reserved payable at intervals of three months or less, the tenant shall be deemed to hold from one period to another equal to the interval between the days of payment, unless there is an express contract to the contrary."

There was no contract to the contrary.

Thirty days' notice in writing was necessary to terminate the tenancy. (G. S. 1935, 67-504. The statute which provides for service of notice to terminate the tenancy designated on whom, or in the specified alternative, where the notice shall be served but it does not state by whom it shall be served. Nor does it specify the method to be employed in making the service. (G. S. 1935, 67-510.) Under quite similar statutes requiring service of notice for other purposes it has been held service by registered mail with acknowledgment of service by the signature of the addressee on the return receipt requested constitutes substantial compliance with the provisions of the code. (*Taylor v. Woodbury,* 86 Kan. 236, 120 Pac. 367, reaffirmed on rehearing in 88 Kan. 203, 127 Pac. 541; *Thisler v. Little,* 86 Kan. 787, 121 Pac. 1123; *Von Der Heiden v. Williams' Estate,* 162 Kan. 233, 175 P. 2d 117.) While appellant did not personally sign this return it is conceded he received the notice. We think the service was sufficient for the single purpose of terminating the contractual tenancy as of September 30, 1947.

Exhibit "B" served by the sheriff on October 1, 1947, notified appellant to leave the premises *forthwith* "for the possession of which premises an action is about to be brought by me against you." Under the statute a three-day notice is required as a condition precedent to the bringing of such an action. (G. S. 1935, 61-1304.) The law would, of course, read the three-day provision into the notice. In other words, the tenant under such a notice would not be obliged to vacate prior to the expiration of the statutory

three-day notice. The form of the notice would not invalidate it merely because it did not specify when the tenant was required to quit provided the time allowed before the action was commenced was sufficient. (*Hale v. Brown,* 119 Kan. 303, 305, 239 Pac. 963.)

Exhibit "5," the last notice, also served by the sheriff on October 1, 1947, gave appellant thirty-three days from October 1, or until November 3, 1947, to vacate the premises.

It is conceded appellant was not in arrears in the payment of rent.

Appellee states the last-mentioned notice was served in order to make certain the description of the premises was sufficient. In any event the last notice appears to have been intended to cover the thirty days required to terminate the tenancy under the provisions of G. S. 1935, 67-504 and the three-day notice required as a condition precedent to the bringing of an action for possession pursuant to G. S. 1935, 61-1304.

This case turns on the question whether appellee complied with the forcible detainer statute providing for notice of commencement of an action for possession of the premises. (G. S. 1935, 61-1304.) A forcible detainer action is summary in character. It is purely statutory and a party desiring to avail himself of the remedy must bring himself clearly within its provisions. Otherwise the court acquires no jurisdiction. (*Bell v. Dennis,* 158 Kan. 35, 37, 144 P. 2d 938, and cases therein cited.)

The instant action was filed and summons was served on appellant October 4, 1947. Appellant argues appellee waived his rights under the notices contained in exhibits "A" and "B" by thereafter serving the last notice which purported to extend appellant's right to possession until November 3, 1947. There is some merit in the contention that a tenant receiving the last notice would be led to believe he was entitled to remain until the date therein specified and that an action would not be brought to evict him if he vacated the premises in compliance with the notice. Appellee contends the last notice did not constitute a waiver of the former notices and that he may give as many notices as he desires. As we view the facts it is not imperative to a decision that we conclude the last notice constituted a waiver.

Assuming it did not constitute a waiver the question nevertheless remains whether the notice of the commencement of the action was given in time. Exhibit "A" was merely designed to terminate the tenancy as of September 30, 1947. It gave no notice of an action

for possession. Exhibit "B" constituted the first notice of an action. It was served October 1 and the action was commenced October 4, 1947.

Was the action prematurely brought? G. S. 1935, 61-1304 requires the notice to be served *"at least three days before* commencing the action." (Our emphasis.) Our deposition statute contains identical language. (G. S. 1935, 60-2844.) It provides:

"Every deposition intended to be read in evidence on the trial must be filed *at least one day before* the day of trial." (Our italics.)

It was early held the language "at least one day before" meant "one clear day before" the day of trial and that "both the day on which the deposition is filed, and the day of the trial, are to be excluded" in calculating the time. (*Garvin v. Jennerson*, 20 Kan. 371.) The interpretation of that statute consistently has been held to constitute an exception to the general rule of computation (G. S. 1935, 60-3819) which requires the exclusion of the first and the inclusion of the last day. (*Boring v. Boring*, 155 Kan. 99, 102, 122 P. 2d 743, and cases therein cited.)

The pertinent provision of our divorce statute (G. S. 1935, 60-1517) reads:

"No hearing shall be had in a divorce suit *until, at least, sixty days after* the filing of the petition, unless the court shall enter upon the records an order declaring an emergency. . . ." (Our italics.)

In the Boring case we again reviewed the question of computation of time and concluded the legislature intended sixty *clear days* should intervene between the date of filing the petition and the hearing of the suit for divorce and that the general statutory rule for computation prescribed in G. S. 1935, 60-3819 did not apply.

Appellee reminds us the general statutory rule of computation prescribed in G. S. 1935, 60-3819 was amended in 1943 and an additional statute, G. S. 1947 Supp. 60-3819a, was also enacted. He relies on the last mentioned section which reads:

"That where any law of this state or any rule or regulation lawfully promulgated thereunder prescribes the time *within which an act is to be done,* if not otherwise specifically provided, the time *within which such act is to be done* shall be computed by excluding the first day and including the last; if the last day be Sunday or a statutory holiday, it shall be excluded: *Provided,* That if the time within which an act is to be done is one week or less, Sundays and statutory holidays shall be excluded." (Our italics.)

It would appear that legislation was probably enacted in view of the decision in *Smith v. Robertson*, 155 Kan. 706, 128 P. 2d 260,

which involved the computation of time *within* which a petition for review could be filed in the district court under a provision of our unemployment compensation law where the last day for such filing fell on a legal holiday. We held the statute (G. S. 1941 Supp. 44-710 [C] [7]) made no exception if the last day fell on a legal holiday and that such day was to be counted in computing the five-day period *within* which the petition for review was required to be filed. We fail to see how the 1943 statute affects the question now before us.

No legal holiday is here involved. The notice statute before us in the instant case does not involve the computation of the period of time *within* which an act is to be done. This notice statute prescribes the time which must elapse *"before* commencing the action" for possession. Touching this distinction see *Boring v. Boring,* supra, and cases therein cited.

The judgment must be reversed. It is so ordered.

THIELE, J., dissents from paragraph 5 of the syllabus and the corresponding portion of the opinion.

PARKER, J., concurrs in the result but dissents from paragraph 5 of the syllabus and the corresponding portion of the opinion.