No. 43,511

JOE E. GOODIN, *Appellant*, v. RAY R. KING, *Appellee*.

(387 P. 2d 206)

Opinion filed December 7, 1963.

Robert L. NeSmith, of Wichita, argued the cause, and *Justice H. Fugate* and *James B. Grant*, both of Wichita, were with him on the briefs for the appellant.

L. M. Kagey, of Wichita, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: This is an appeal from a judgment sustaining a demurrer to an amended complaint for forcible detainer.

The only issue involved is the sufficiency of the notice to leave the premises.

The facts essential to a proper understanding of what this case is about will be highly summarized.

On September 4, 1945, plaintiff leased a business property located in the City of Wichita to the defendant. The lease was for a period of five years, ending September 3, 1950, for the sum of Six Hundred Dollars, rentals to be paid at the beginning of the lease period. Defendant had the option to renew the lease, running in three and five year periods up to twenty years, by paying the rentals at the beginning of the lease period at the same rental rate but through an error in dating a check failed to pay the rent in advance for the three years beginning September 4, 1962.

On September 5, 1962, plaintiff mailed the following letter to the defendant:

"Received your check # 2385 payable to the order of 'Joe Goodin' in the sum of $360.00, drawn on The Fourth National Bank and Trust Company, Wichita, Kansas, which, on its face, purports to be in payment of 'Rent from Sept. 3d 1962 to Sep. 3d 1965.'

"The check is not acceptable and is returned herewith for the reason our contract dated September 4, 1945, provides that payments of any renewal 'is to be paid at the beginning of the lease period.' And said check does not comply with the terms of said contract and demand is hereby made for immediate possession of the property 'known as reserve "B" of McCormick's Addition located at the beginning of the 1400 Block on South Washington, running Southward thereon to Lots No. 28 and 30.' "

This was the only notice given to defendant to leave the premises.

Plaintiff commenced a forcible detainer action for possession of the property in the court of common pleas of the City of Wichita on September 12, 1962. Judgment was there rendered in his favor. Defendant appealed to the district court.

In district court, following a controversy over the sufficiency of the complaint, plaintiff was directed to amend that pleading by attaching thereto a copy of the notice notifying the defendant that the relation of landlord and tenant did not exist and demanding immediate possession of the property. In the same order defendant was directed to file a demurrer to such complaint upon receipt of a copy of the amended complaint.

Plaintiff complied with the foregoing order by attaching a copy of the heretofore quoted notice to his amended complaint. Defendant complied with such order by filing a demurrer based solely on the ground that such notice was not sufficient to support a cause of action for forcible detainer under the provisions of G. S. 1949, 61-1304.

Subsequently the district court sustained defendant's demurrer and plaintiff perfected this appeal from that ruling.

Disposition of the controlling issue involved requires a historical review of our statutes and decisions dealing with the rights of parties to commence and maintain an action under existing laws relating to forcible entry and detainer.

In the early days of statehood G. S. 1868, Chapter 81, Section 161, so far as here pertinent, provided:

"It shall be the duty of the party desiring to commence an action under this article, to notify the adverse party to leave the premises, for the possession of which the action is about to be brought, which notice shall be served at least three days before commencing the action by leaving a written copy with the defendant, . . ." (Emphasis supplied.)

No changes were made in provisions of the foregoing section of the statute until the legislature enacted Section 1, Laws of 1905, Chapter 338, now G. S. 1949, 61-1304, which reads:

"It shall be the duty of the party desiring to commence an action under this article to notify the adverse party to leave the premises for the possession of which the action is about to be brought, which notice shall be served at least three days before commencing the action, by leaving a written copy with the defendant, . . .: Provided, however, If the action is brought for the purpose of ejecting a tenant for the nonpayment of rent, no notice shall be required, if a statement is included in the notice terminating the tenancy for such nonpayment of rent that unless the tenant shall vacate in the time provided in said notice that suit will be brought to eject him." (Emphasis supplied.)

Decisions dealing with the force and effect to be given provisions of the section of the 1868 statute, heretofore quoted, and like provisions to be found in subsequent revisions of the statute up to 1905, will now be considered.

Long ago, as early as 1877, this court in *Nason v. Best*, 17 Kan. [2nd. Ed.] 408, held:

"A party desiring to commence an action of forcible entry and detainer should, at least three days before commencing his action, notify the adverse party, by a notice in writing, to leave the premises in dispute; and if he does not give such notice he cannot maintain the action. . . ." (Syl.)

Later, in 1884, in *Douglass v. Whitaker*, 32 Kan. [2nd Ed.] 381, 4 Pac. 874, it was held:

It is the duty of the party desiring to commence an action under art. 13, ch. 81, Comp. Laws of 1879, relating to forcible entry and detainer, to notify the adverse party to leave the premises for the possession of which the action *is about to be brought*, which notice must be served at least three days before commencing the action, by leaving a written copy thereof with the defendant, or at his usual place of abode if he cannot be found. . . ." (Syl.)

And in the opinion said:

". . . The statute is mandatory that a party desiring to commence an action for forcible entry and detainer must notify the adverse party to leave the premises, for the possession of which the action *is about to be brought*, and that this notice notice shall be served at least three days before commencing the action. (§ 161, *supra*.) . . ." (p. 382.)

Still later in *Stuller v. Sparks*, 51 Kan. 19, 31 Pac. 301, the court held:

"A plaintiff cannot maintain an action of forcible entry and detainer, if the three-days notice to leave the premises, prescribed by § 161 of the justices act, is not given, and the plaintiff, to obtain judgment in such a case, must affirmatively show the service of the notice." (Syl.)

A recent, and we may add controlling, decision dealing with the force and effect to be given the notification requirements of what is now G. S. 1949, 61-1304, is *Gunter v. Eiznhamer*, 165 Kan. 510, 196 P. 2d 177, which holds:

"A forcible detainer action is summary in character. It is purely statutory and a party desiring to avail himself of the remedy must bring himself clearly within the provisions of the law in order to vest the court with jurisdiction.

The three-day notice required by G. S. 1935, 61-1304, before an action for possession of the premises may be commenced is a condition precedent to the right to institute the action." (Syl. ¶¶ 3, 4.)

And states:

"This case turns on the question whether appellee complied with the forcible detainer statute providing for notice of commencement of an action for possession of the premises. (G. S. 1935, 61-1304.) A forcible detainer action is summary in character. It is purely statutory and a party desiring to avail himself of the remedy must bring himself clearly within its provisions. Otherwise the court acquires no jurisdiction. (citing case.)" (p. 514.)

That the Gunter case is in accord with the general rule becomes apparent upon resort to 36A C. J. S., Forcible Entry & Detainer, p. 996, § 31, which reads:

"Since, . . ., the action of forcible entry and detainer is a special statutory proceeding, summary in its nature, and in derogation of the common law, it follows that the statute conferring jurisdiction must be strictly pursued

in the method of procedure prescribed by it, or the jurisdiction will fail to attach, and the proceeding will be *coram non judice* and void, unless the defects in procedure may be, and are, waived. There is no presumption in favor of the record. It must appear that the statutory remedy was strictly pursued and the facts which give jurisdiction must appear affirmatively on the face of the record, otherwise the proceedings will be not merely voidable, but absolutely void, as being *coram non judice*."

To the same effect is 22 Am. Jur., Forcible Entry And Detainer, p. 934, § 35.

Inasmuch as the heretofore emphasized portion of G. S. 1868, Ch. 81, Sec. 161, and the first emphasized portion of G. S. 1949, 61-1304, heretofore quoted, contain identical language, with respect to the notice required in order to commence and maintain a forcible detainer action, it can now be stated that the above cited Kansas cases, none of which have ever been disapproved or reversed, are all entitled to consideration in our determination of the notification requirements imposed by the existing provisions of 61-1304, *supra*, to which we have just referred. So far as here material those requirements, as we understand them, under the foregoing decisions, to which we adhere, are that the party desiring to commence an action for forcible detainer must first notify the adverse party to leave the premises for the possession of which the action is about to be brought, which notice shall be in writing; and if he does not give such notice he cannot maintain the action.

Keeping in mind that the legislature enacted Section 1, Chapter 338, Laws of 1905, now G. S. 1949, 61-1304, with the early decisions to which we have referred in force and effect, there can be no doubt regarding its purpose in adding the heretofore quoted proviso appearing in 61-1304 without any other material change in the forcible entry and detainer law which had been in force and effect since 1868. By the amendment it intended to make one exception to the notification requirements of the old statute. This intention was recognized and the new statute construed by this court in *Bell v. Dennis*, 158 Kan. 35, 144 P. 2d 938, where it is said and held:

"Under our statute, G. S. 1935, 61-1304, one of the conditions precedent to the institution and maintenance of a forcible detainer action is the service on the adverse party of a notice to quit, which notice must be served at least three days before the commencement of such action, unless it is brought for the purpose of ejecting a tenant for the nonpayment of rent, in which event, no notice is required *if a statement is included in the notice terminating the tenancy that unless the tenant shall vacate in the time provided therein suit*

*will be brought to eject him.* So in a case where a party seeks to terminate a tenacy for nonpayment of rent, the notice to quit—in the instant case a three-day notice in writing as required by G. S. 1935, 67-508—must be given, and service of such notice as required is a condition precedent to the institution of a forcible detainer action. Such was the effect of our decision in *Stuller v. Sparks,* surpa." (pp. 37, 38.) (Emphasis supplied.)

A glance at the notice, which has been heretofore set forth at length and .will not be requoted, makes it obvious that it did not "notify the adverse party to leave the premises for the possession of which the action is about to be brought," nor did it contain a statement "that unless the tenant [appellant] shall vacate in the time provided in said notice that suit will be brought to eject him."

Thus, under the authorities previously cited in the opinion, it clearly appears that, whether we regard this action as one where a notice was required under the first emphasized portion, heretofore quoted, of 61-1304, or whether it be regarded as an action brought for the purpose of ejecting a tenant for the nonpayment of rent, under the proviso, heretofore quoted, of such section, the notice in either situation was wholly insufficient to authorize the appellee to commence and maintain the involved forcible detainer action.

In an obvious attempt to forestall the results flowing from the conclusions just announced, appellant directs our attention to Art. 5, Ch. 67 of G. S. 1949, dealing with the rights and obligations of Landlords and Tenants, particularly 67-509, providing that where the time for the termination of a tenancy is specified in the contract no notice to quit shall be necessary. He then insists that this section of the statute, which we pause to note has been in force and effect since 1868, supersedes and does away with all necessity for any compliance whatsoever with the requirements of notice set forth in 61-1304, which, under our repeated decisions, have long been held to be mandatory and conditions precedent to the rights of litigants to institute and maintain forcible detainer actions. There are several reasons why appellant's contentions on this point are wholly fallacious and cannot be upheld. In the first place the notice to quit referred to in 67-509, as it appears in the Landlords and Tenants provisions of our statute, relates solely to the notice required in order to terminate a tenancy, not to the rights of litigants to commence and maintain a forcible detainer action. In the next to uphold appellant's position would require the disapproval and repudiation of the decisions, to which we have just referred, dealing with the notification requirements of our forcible entry and detainer

statute. And finally we are cited to, and know of, no decisions which warrant or tend to sustain appellant's position.

Appellant's claim the question raised by appellee in his demurrer to appellant's amended complaint is *res judicata,* by reason of the trial court having previously overruled appellee's motion for judgment on that pleading on condition appellant would amend such pleading by attaching a copy of the only notice given appellee, has been rejected, not overlooked. Under the provisions of G. S. 1949, 61-1003, the district court had the right in its discretion to order further and amended pleadings to be filed in the action. Moreover, the appellant acquiesced in that ruling and cannot now be heard to complain.

We have carefully reviewed the record and considered all contentions advanced by appellant and find nothing which warrants or permits a conclusion the trial court erred in sustaining appellee's demurrer to his amended complaint.

The judgment is affirmed.